UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

------------------------------------------------------------X
                                                                           :

Source Search Technologies, LLC,         :

                                      Plaintiff,        :        **Civil Action No. 2:04-CV-4420 (DRD)**

                          v.                                    :

LendingTree, Inc., Service Magic Inc. and  :
IAC InterActiveCorp,                           :

                                Defendants.    :
------------------------------------------------------------X


**PLAINTIFF SOURCE SEARCH TECHNOLOGIES, LLC'S OPPOSITION
TO IAC INTERACTIVECORP.'S MOTION TO DISMISS THE COMPLAINT**


Dated: November 17, 2004                      Jeffrey I. Kaplan (JK 4706)
                                                                           KAPLAN & GILMAN, L.L.P.
                                                                             Attorneys for Plaintiff
                                                                             900 Route 9 North, Suite 104
                                                                             Woodbridge, NJ 07095
                                                                             Telephone (732) 634-7634
                                                                             Facsimile (732) 634-6887
                                                                             E-Mail: jkaplan@kaplangilman.com

## TABLE OF CONTENTS

**PAGE(S)**

TABLE OF AUTHORITIES ................................................................................................ ii, iii

I.  INTRODUCTION ..................................................................................................................1

II. IAC'S MOTION TO DISMISS MUST BE DENIED
    BECAUSE THE AMENDED COMPLAINT PROPERLY
    ALLEGES A CLAIM FOR INDUCEMENT............................................................2

III. IAC'S MOTION FOR SUMMARY JUDGMENT
     MUST ALSO BE DENIED ......................................................................................6

   A. IAC Had Knowledge Of The '328 Patent When It Was
      Sued For Inducing Service Magic, Inc.'s Infringement......................................6

   B. Even If IAC Had No Knowledge Of The '328 Patent,
      Dismissal is Improper ........................................................................................7

   C. IAC Is Liable For Inducing Infringement Because it Approves,
      Encourages and Controls the Infringing Conduct in Issue with
      Full Knowledge of Plaintiff's Patent Rights......................................................8

IV. CONCLUSION........................................................................................................12

**TABLE OF AUTHORITIES**

**PAGE(S)**

*Black & Decker (US), Inc. v. Catalina Lighting, Inc.*,
 953 F.Supp. 134 (E.D. Va. 1997) .................................................................................7,8

*Conte Bros. Automotive, Inc. v. Quaker State-Slick 50, Inc.*,
 992 F. Supp. 709, 711 (D.N.J. 1998) ................................................................................3

*Chrystal Semiconductor Corp. v. Tritech Microelectronics
 International, Inc.*, 246 F.3d 1336 (Fed. Cir. 2001) ........................................................9

*CSR Limited v. Federal Insurance Co.*,
 40 F.Supp.2d 559, 560 (D.N.J. 1998) ...............................................................................3

*Fromson v. Citiplate, Inc.*,
 886 F.2d 1300 (Fed. Cir. 1989).........................................................................................9

*Hilgraeve v. Symantec Corp.*,
 272 F. Supp.2d 613 (E.D. Mi. 2003) .................................................................................7

*Hoffman-La Roche, Inc., v. Genpharm, Inc.*,
 50 F. Supp. 2d 367, 377 (D.N.J. 1999) .............................................................................3

*Insituform Technologies, Inc. v. Cat Contracting, Inc.*,
 161 F.3d 688 (Fed. Cir. 1998)........................................................................................7,8

*Katz Technology Licensing, L.P., v. Verizon Communications, Inc.*,
 2002 WL 31356302 (E.D. Pa.) ............................................................................... 5, 9-11

*Kost v. Kozakiewicz*, 1 F.3d 176 (3d Cir. 2000) ....................................................................2

*Orthokinetics Inc. v. Safety Travel Chairs Inc.*,
 806 F.2d 1565, 1578-79 (Fed. Cir. 1986) .........................................................................9

*Pension Benefit Guaranty Corp., v. White Consolidated Industries, Inc.*,
 998 F.2d 1192, 1196 (3rd Cir. 1993) .................................................................................3

*Phonometrics Inc. v. Hospitality Franchise Systems, Inc., et al.*,
 203 F.3d 790 (Fed. Cir. 2000).........................................................................................2-5

*PLX, Inc. v. ProSystems, Inc., et al*,
 (W.D. Va., 2004).................................................................................................................5

ii

**PAGE(S)**

*Power Lift, Inc. v. Lang Tools, Inc.*,
   774 F.2d 478, 481 (Fed. Cir. 1985)..............................................................................9

*Prima v. Darden Restaurants, Inc.*,
   78 F. Supp. 2d 337, 342 (D.N.J. 2000) .........................................................................3

*Rohm and Haas Company v. Dawson Chemical Company, Inc.*,
   557 F.Supp 739 (S.D. Texas 1983)...............................................................................9

*Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) ......................................................................3

*Video Pipeline, Inc. v. Buena Vista Home Entertainment, Inc.*,
   210 F. Supp. 2d 552, 556 (D.N.J. 2002) .......................................................................3

*Water Technologies Corporation v. Calco, Ltd.*,
   850 F.2d 660 (Fed. Cir. 1988) ......................................................................................9

**I.     INTRODUCTION**

As discussed more fully below, only pages 9-10 of InterActiveCorp.'s ("IAC") brief in support of its motion have any relevance to this case, the remainder of the entire brief being irrelevant or undisputed. Plaintiff Source Search Technologies, LLC ("SST") respectfully opposes IAC's motion to dismiss and submits that the Court must deny the motion for at least the following reasons:

1.     The standard for a motion to dismiss under F.R.C.P. 12 is simply whether the pleadings properly state a claim for relief and put the defendant on notice of the acts for which he is being sued. This liberal notice pleading requirement is met by the Amended Complaint, which alleges precisely the conduct required to prove infringement. IAC, by using its brief to dispute and deny various facts alleged in the Amended Complaint to support the inducement claim, effectively admits that those facts, if proven, would state a claim for inducement. Hence, the motion to dismiss must be denied.

2.     Recognizing that it can't prevail on a motion to dismiss, IAC instead asks the Court to grant it summary judgment - *before any discovery has taken place, before an Answer has been filed and without submitting the required declaration under Rule 56*, - by alleging that it had no knowledge of the '328 patent and that IAC does not control the other defendants, as alleged in the Amended Complaint. This argument fails for three reasons:

    A.     When IAC was sued for inducing the infringement of Defendant Service Magic, Inc., IAC already had knowledge of the '328 patent in issue because that patent had already been previously asserted against IAC for effectively the same conduct in inducing infringement of its other subsidiary, Defendant LendingTree. (Ex. A)[1]

---

[1] Refers to the Kaplan declaration, filed herewith.

1

   B. Even if IAC had no knowledge of the patent prior to the suit being filed, dismissal is improper.  SST is seeking an injunction against the inducing conduct prospectively, and IAC certainly has knowledge of the '328 since at least the date of notice of the Complaint.  Moreover, the Federal Circuit has repeatedly held that a lack of knowledge of the patent prior to filing suit for inducement at best would limit the damages recoverable against IAC to any conduct occurring after it was served with the complaint and notice of the '328 patent.

   C. Summary Judgment in IAC's favor is inappropriate because the facts set forth in IAC's brief support a claim of inducement, and give rise to a finding that IAC is approving acts of infringement notwithstanding knowledge of the '328 patent.   In fact, after minimal further discovery, SST plans to move for summary judgment in SST's favor on its inducement claim against IAC, and believes this Court will be compelled to grant that motion, because the evidence is indisputable that IAC, with knowledge of the '328 patent, is in fact approving and encouraging acts of infringement by LendingTree and Service Magic, and is controlling the infringing conduct .

**II. IACS MOTION TO DISMISS MUST BE DENIED BECAUSE THE AMENDED COMPLAINT PROPERLY ALLEGES A CLAIM FOR INDUCEMENT**

  The purpose of a motion to dismiss pursuant to Rule 12 (b)(6) is to assess the sufficiency of the allegations of the Complaint. *Kost v. Kozakiewicz*, 1 F.3d 176 (3d Cir. 2000).  In deciding a motion to dismiss a patent case, the Federal Circuit applies the law of the regional circuit, here the Third Circuit.  *Phonometrics Inc. v. Hospitality Franchise Systems, Inc., et al.*, 203 F.3d 790 (Fed. Cir. 2000).

A motion to dismiss under Rule 12(b)(6) "does not attack the merits of the case, but merely tests the legal sufficiency of the Complaint." *Conte Bros. Automotive, Inc. v. Quaker State-Slick 50, Inc.,* 992 F. Supp. 709, 711 (D.N.J. 1998). "A district court reviewing the sufficiency of a Complaint has a limited role. 'The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support his [or her] claims.'" *Prima v. Darden Restaurants, Inc.,* 78 F. Supp. 2d 337, 342 (D.N.J. 2000) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)); *Hoffman-La Roche, Inc., v. Genpharm, Inc.,* 50 F. Supp. 2d 367, 377 (D.N.J. 1999). In determining whether the Complaint is legally sufficient, the material facts alleged in the Complaint are accepted as true and all factual inferences must be drawn in the light most favorable to Plaintiffs. *Conte Bros. Automotive, Inc. v. Quaker State-Slick 50, Inc.*, 992 F. Supp. at 711; *Video Pipeline, Inc. v. Buena Vista Home Entertainment, Inc.*, 210 F. Supp. 2d 552, 556 (D.N.J. 2002). A court should not dismiss the Complaint pursuant to Rule 12(b)(6) unless it appears beyond a doubt that Plaintiffs can prove no set of facts in support of their claim which would entitle them to relief. *Id.*; *CSR Limited v. Federal Insurance Co.*, 40 F. Supp. 2d 559, 560 (D.N.J. 1998); *Conte Bros. Automotive, Inc. v. Quaker State-Slick 50, Inc.*, 992 F. Supp. at 711.

Since a motion to dismiss pursuant to Rule 12 (b)(6) is directed to the face of the Complaint, in deciding such a motion the court must limit itself to facts stated in the Complaint, documents attached to the Complaint as exhibits, documents incorporated by reference and matters of public record. *Pension Benefit Guaranty Corp., v. White Consolidated Industries, Inc.,* 998 F.2d 1192, 1196 (3rd Cir. 1993); *Hoffman-La Roche, Inc., v. Genpharm, Inc.,* 50 F. Supp. 2d at 377.

The controlling precedent mandates denial of IAC's motion. The Federal Circuit and other Courts have repeatedly rejected Rule 12 motions to dismiss when the complaint included less specific allegations than those at issue here. For example, in *Phonometrics Inc. v. Hospitality Franchise Systems, Inc., et al.*, 203 F.3d 790 (Fed. Cir. 2000), the defendant filed a similar motion to dismiss as was filed here by IAC. In denying the motion, the Court held:

> In this case, Phonometrics' complaint alleges ownership of the asserted patent, names each individual defendant, cites the patent that is allegedly infringed, describes the means by which defendants allegedly infringe, and points to the specific sections of the patent law invoked. Thus, Phonometrics' complaint contains enough detail to allow the defendants to answer.

The Federal Circuit noted that, "The dismissal standard is extraordinary and not one to be taken lightly," and that, "A motion to dismiss for failure to state a claim should not be granted unless it appears to a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proved in support of its claim." *Id.*

In the present case, the Amended Complaint alleges at least as much detail as that at issue in *Phonometrics*. Like the situation in *Phonometrics*, the Amended Complaint alleges ownership of the asserted patent, names each individual defendant, cites the patent that is allegedly infringed, describes the means by which the defendants allegedly infringe, and points to the specific sections of the patent law invoked. (Complaint, ¶¶ 10-14). The specific conduct alleged against IAC is that IAC "runs and controls the daily operation of the [infringing] Lendingtree website" with "the specific intent to cause such infringements". *Id.* IAC is alleged to be doing the foregoing with "full knowledge of [SST's patent] rights" *Id.* Similar allegations are made with respect to Service Magic.[2]

---

[2] Paragraphs 12 and 13 of the complaint are substantially identical, except that 12 refers to LendingTree throughout and 13 refers to Service Magic. In one place in paragraph 13, there is an erroneous reference to LendingTree. Apparently, when the paragraph was duplicated and the name changed, one occurrence of

These allegations are more than sufficient to make out a claim of inducement of infringement, a fact clearly recognized by IAC, which denies these allegations in its attempts to be released from the case. See, *Phonometrics*, supra. Indeed, Courts have repeatedly held that a parent corporation is liable for inducing the infringement of a subsidiary, without piercing the corporate veil, if the parent approves, controls, or knowingly participates in the decision to conduct the infringing conduct in the subsidiary, just as alleged here. *Katz Technology Licensing, L.P., v. Verizon Communications, Inc.*, 2002 WL 31356302 (E.D. Pa.)

A recent district court case, applying this Federal Circuit governing precedent reached a similar result. In *PLX, Inc. v. ProSystems, Inc., et al*, (W.D. Va., 2004) (copy attached) the alleged inducer also filed a motion to dismiss under Rule 12(b), based upon the same erroneous arguments asserted here by IAC. In denying the motion, the court followed the long line of precedent on this issue:

> The Court believes that plaintiff here has met the liberal pleading requirements established by our Court of Appeals…This simplified notice pleadings standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims…Applying the liberal standards for the instant complaint…Plaintiff's complaint alleges ownership of the patent, names each defendant, cites the patent that is allegedly infringed, and describes the means by which the defendant allegedly infringed…Plaintiffs have adequately stated a cause of action for inducement under §271(b)."

Here, IAC's own brief is fatal to its motion to dismiss, because IAC's brief disputes all of the facts alleged to support the claim of inducement, most notably, by denying SST's allegation that IAC controls the daily operation of LendingTree and Service Magic's infringing website operations. These denials merely emphasize that IAC is clearly on notice that it is these very

---

"LendingTree" was inadvertently missed. Counsel for Service Magic has agreed that this was known as was taken to be a reference to Service Magic, as it should have been, and the parties will correct this error on the record at the hearing of this motion.

facts, admittedly disputed, which form the basis of SST's claim of inducement. 35 USC §271 (b). Hence, the very liberal notice pleading standard is met, and IAC's motion must be denied.[3]

### III.     IAC'S MOTION FOR SUMMARY JUDGMENT MUST ALSO BE DENIED

Recognizing the fatal deficiency in its motion to dismiss, IAC requests that the Court grant it summary judgment based upon IAC's bald and fully disputed assertion that it is not controlling its subsidiaries, and that it had no knowledge of the '328 patent prior to the Complaint being filed. These arguments are without merit, and also, procedurally deficient, because IAC is asking the Court to dispose of the case on summary judgment without the required Rule 56 declaration and prior to SST even having an opportunity to conduct discovery. In any event, the arguments fail on several grounds.

#### A.     IAC Had Knowledge Of The '328 Patent When It Was Sued For Inducing Service Magic, Inc.'s Infringement.

IAC urges that it had no knowledge of the '328 patent in suit until the Complaint was filed, and therefore, it cannot be sued for inducing infringement. However, the original Complaint in this action alleged that IAC was inducing infringement of LendingTree, Inc. and did not name Service Magic, Inc. as a defendant. This Complaint, along with a copy of the '328 patent, was forwarded to IAC on September 20, 2004 via Certified Mail. (Exhibit A). Hence, IAC has been aware of the '328 patent, and the fact that using a centralized filter means in a reverse auction-type system over the Internet might give rise to an infringement claim, since at least about September 22nd, 2004, when it received a copy of the patent, and SST's charge of infringement.

---

[3] If IAC wants to obtain more detail concerning the proof of SST's claims, it has available all of the discovery tools provided by the Federal Rules of Procedure.

When Service Magic, Inc. was sued on October 14, 2004 via SST's filing of the Amended Complaint to add Service Magic, IAC was named as being an inducer of Service Magic, Inc.'s patent infringement. IAC was certainly aware of the '328 patent because IAC ***had already been sued and served with a complaint on the '328 patent*** for engaging in effectively the same conduct with respect to its other subsidiary. *Hilgraeve v. Symantec Corp.*, 272 F. Supp.2d 613 (E.D. Mi. 2003) (Letter sent put defendant on notice to support an inducement claim for conduct thereafter). Moreover, IAC continues the conduct in issue to this day, long after it is on notice of the '328 patent in suit. IAC's lack of knowledge defense is inconsistent with the facts, and thus, without merit.

**B.     Even If IAC Had No Knowledge Of The '328 Patent, Dismissal is Improper.**

Even assuming *arguendo*, that IAC had never had prior knowledge of the '328 patent, actual or imputed, until the present lawsuit was filed, dismissal would be inappropriate. SST is seeking prospective injunctive relief against all defendants, as well as damages for ongoing infringement presently. (Complaint, Prayer for Relief). The Complaint alleges that IAC is engaged in the inducement now, and is seeking to stop the conduct in issue on a going forward basis. Hence, plaintiff SST is entitled to prove inducement against IAC at least on a going forward basis and to seek prospective relief in the form of an injunction. *Insituform Technologies, Inc. v. Cat Contracting, Inc.*, 161 F.3d 688 (Fed. Cir. 1998); *Black & Decker (US), Inc. v. Catalina Lighting, Inc.*, 953 F.Supp. 134 (E.D. Va. 1997).[4]

---

[4] IAC's position is also erroneous because actual notice is not required, but instead, plaintiff is only required to prove that IAC knew ***or should have known*** of plaintiff's patent rights. *Hilgraeve v. Symantec Corp.*, 272 F. Supp.2d 613 (E.D. Mi. 2003). IAC spent three quarters of a billion dollars to purchase Lending Tree, and SST's patent was available online by simply searching for relevant patents in the industry. It is simply unbelievable that IAC would consummate such a transaction and never do basic due diligence on the relevant intellectual property. A simple keyword search for patents in the relevant field would have disclosed SST's '328 patent. At

7

IAC's lack of knowledge of the '328 patent prior to this lawsuit, even if proven, does not mean that IAC should be dismissed. Instead, Federal Circuit precedent holds that IAC's lack of knowledge of the '328 patent prior to filing of the suit, if ultimately proven at trial, would merely mean that damages are only recoverable against IAC for inducement from the time of filing of the Complaint. *Insituform Technologies, Inc. v. Cat Contracting, Inc.*, 161 F.3d 688 (Fed. Cir. 1998); *Black & Decker (US), Inc. v. Catalina Lighting, Inc.*, 953 F.Supp. 134 (E.D. Va. 1997).

Presently, IAC and its officers (which IAC admits sit on the Boards of Directors of LendingTree and Service Magic) are fully aware of the '328 patent and are continuing to ignore the patent and willfully infringe that patent. These officers in the two subsidiary corporations, LendingTree, Inc. and Service Magic, Inc., continue to sit on the Board of Directors, aware of the present patent dispute, and continue to instruct the subsidiary companies to continue with the infringing conduct at issue. SST is entitled to seek an injunction and ongoing damages against the continuing inducement.

Accordingly, IAC's assertion that it had no knowledge of the '328 patent prior to the suit being filed merely serves, if proven, to limit the damages to the post notice period, and does not constitute grounds for dismissing IAC from this action.

### C. IAC Is Liable For Inducing Infringement Because it Approves, Encourages and Controls the Infringing Conduct in Issue with <u>Full Knowledge of Plaintiff's Patent Rights.</u>

IAC's citations regarding a parent company not being responsible for the acts of its subsidiary are not on point. Here, IAC is being sued for its own acts in inducing the infringement of a third party, its subsidiary. IAC admits in its memorandum that after

---

the very least, SST must be given the opportunity to determine if IAC had knowledge of the '328 patent.

purchasing LendingTree, it placed its own (presumably top ranking) officers on the Board of Directors of LendingTree. (IAC Memorandum, pp. 4-5) This is the same Board of Directors that is aware of the '328 patent presently, and the same Board of Directors that has apparently determined, with full knowledge of SST's patent rights, to continue having LendingTree and Service Magic proceed with the infringing conduct, as, in fact, they are doing today.

It is well settled that a corporate entity, as well as individuals, are liable for inducing the infringement of a separate entity if the first entity participates in, induces and approves acts of patent infringement. *Orthokinetics Inc. v. Safety Travel Chairs Inc.,* 806 F.2d 1565, 1578-79 (Fed. Cir. 1986) (citing *Power Lift, Inc. v. Lang Tools, Inc.*, 774 F.2d 478, 481 (Fed. Cir. 1985)); *Fromson v. Citiplate, Inc.* 886 F.2d 1300 (Fed. Cir. 1989); *Water Technologies Corporation v. Calco, Ltd.,* 850 F.2d 660 (Fed. Cir. 1988) (Inducement of one entity by another without piercing the corporate veil). *Rohm and Haas Company v. Dawson Chemical Company, Inc*., 557 F.Supp. 739 (S.D. Texas 1983).

All that is required to establish the inducement claim is that IAC, or its officers through whom it acts, know about the patent dispute and continue to approve and encourage the conduct in issue at LendingTree and Service Magic. *Katz Technology Licensing, L.P., v. Verizon Communications, Inc*., 2002 WL 31356302 (E.D. Pa). See also, *Chrystal Semiconductor Corp. v. Tritech Microelectronics International, Inc*. 246 F.3d 1336 (Fed. Cir. 2001)(Holding one company liable for infringement of another). No alter ego or veil piercing theory is necessary.

IAC attempts to deny that it controls the "day to day" conduct of its subsidiaries. (Fereguson Dec. Par. 9, 12) Putting aside the fact that SST has had no opportunity to take discovery on this issue or depose Mr. Ferguson, whether the trivial day to day tasks such as ordering supplies and hiring staff are conducted with IAC's approval is not relevant. Instead, all

9

that is required is that IAC approves and participates in the decisions to continue infringing after notice of the patents. *Katz Technology Licensing, L.P., v. Verizon Communications, Inc.*, 2002 WL 31356302 (E.D. Pa.). The reference in the complaint to the control of daily operations is to this control, which is sufficient to prove inducement.

For IAC to prevail on its motion, this Court would have to rule on summary judgment that IAC's officers, who sit on the LendingTree Board, either have no knowledge of presently pending patent lawsuit, or that they have no idea that LendingTree, the company on whose Board they sit, is continuing to engage in the conduct at issue, or that they are not approving and encouraging the continuing conduct, but that LendingTree is simply disobeying its Board of Directors when instructed not to infringe. Such a proposition is absurd, and clearly can not be accepted by this Court at this stage in the proceedings.

Plaintiff SST is of the firm belief that with minimal discovery, it will be entitled to the granting of summary judgment against IAC for inducement of LendingTree's and/or Service Magic's infringement. IAC purchased LendingTree for almost $750,000,000, and purchased Service Magic for presumably many millions more. (Ex. B) After spending almost a billion dollars in purchasing all the stock of these two companies, IAC then put its own top managers onto the Boards, and put its own executive management into LendingTree and Service Magic as well, all of whom have now been fully familiar with SST's patent rights since they were notified of same months ago. (IAC Memorandum, pp. 4-5, admitting that IAC installed its own executives into its newly purchased companies). Clearly, these individuals have determined that the company should continue to do whatever it is doing, despite SST's patent rights.

The suggestion that these IAC individuals are not aware of the present '328 patent dispute, or are not directing that these newly purchased companies do what they in fact do, is

simply preposterous. Instead, SST believes that these Board members have made a purposeful decision to disregard SST's patent rights and have directed the subsidiaries to simply continue infringing, both after they received the September 20th notice of the '328 patent, and after they were sued. Hence, IAC is liable for inducement, and SST believes it will require no more than one or two depositions before SST will be in a position to move for summary judgment in SST's favor on the issue. *Katz Technology Licensing, L.P., v. Verizon Communications, Inc.*, 2002 WL 31356302 (E.D. Pa.)[5]

In fact, IAC apparently recognizes the above, as the entire 20 page brief that IAC has submitted only contains two pages 9-10 that in any way deal with the inducement claim, the only relevant issue. Yet, IAC disposes of the inducement claim by merely stating that its officers had no knowledge of the patent, a fact hotly disputed, not required ("known or should have known"), and which is simply untrue for the reasons set forth above. The remaining 18 pages of IAC's brief say nothing about the issues relevant to the inducement claim, and are largely irrelevant to the issue presently before the Court.

In any event, SST notes that given that IAC spent nearly a billion dollars for these two companies and then promptly took seats on their Boards and installed or retained a Chief Executive Officer and other executives of IAC's choice, at the very least, SST is entitled to discovery on the issue of whether IAC is involved in a sufficient enough manner with the decisions of LendingTree and Service Magic such that SST can prove its inducement claim, and whether SST's patent was discovered in the due diligence performed by IAC in purchasing LendingTree, as well as what IAC has done since becoming aware of the '328 patent. *Katz Technology Licensing, L.P., supra.* (Granting motion to compel discovery of parent corporation

---

[5] SST believes that the individuals themselves are also be liable, and does not waive any rights it may have to add these individuals later when their identities are determined.

to see if it was directing the infringing activity of the subsidiary). Accordingly, summary judgment for IAC before an Answer is even filed is inappropriate, and must be denied.

## IV.     **CONCLUSION**

SST has properly pled inducement of infringement. The Court cannot grant IAC summary judgment that it is not exercising conduct that encourages or approves acts of infringement with knowledge of the patent, because that is clearly occurring based upon the evidence and admissions in IAC's own brief. Therefore, IAC's Motion to Dismiss and/or for Summary Judgment must be denied.

                                                    Respectfully submitted,

Dated: November 17, 2004                           s/ Jeffrey I. Kaplan /
                                                        KAPLAN & GILMAN, L.L.P.
                                                        Jeffrey I. Kaplan (JK 4706)
                                                        Attorneys for Plaintiff
                                                        900 Route 9 North, Suite 104
                                                        Woodbridge, NJ 07095
                                                        Telephone (732) 634-7634
                                                        Facsimile (732) 634-6887
                                                        E-Mail: jkaplan@kaplangilman.com