**NOT FOR PUBLICATION**

RECEIVED
WILLIAM T. WALSH, CLERK

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

2005 JAN 10  P 4:30

UNITED STATES
DISTRICT COURT

SOURCE SEARCH TECHNOLOGIES, LLC,

Plaintiff,

v.

LENDINGTREE, INC., IAC INTERACTIVECORP,
& SERVICE MAGIC, INC.,

Defendants.

CIVIL ACTION NO. 04-cv-4420
(DRD)

**OPINION**

Appearances

Jeffrey I. Kaplan, Esq.
KAPLAN & GILMAN, L.L.P.
900 Route 9 North
Woodbridge, NJ 07095

*Attorney for Plaintiff*

Kevin J. McKenna, Esq.
Elvin Esteves, Esq.
GIBBONS, DEL DEO, DOLAN, GRIFFINGER & VECCHIONE
One Riverfront Plaza
Newark, NJ 07102

Holmes J. Hawkins, III, Esq.
A. Shane Nichols, Esq.
James J. Mayberry, Esq.
KING & SPAULDING LLP
191 Peachtree Street

1

Atlanta, Georgia 30303

*Attorneys for Defendants*

## OPINION

### DEBEVOISE, Senior District Judge

### *FACTS*

Plaintiff Source Search Technologies, LLC ("Plaintiff" or "SST") is the owner by assignment of all rights, title and interest in and of United States Patent No. 5,758,328 (the "'328 patent"), which is directed generally to a centralized computer that matches buyers and sellers of products and services via, for example, the internet.

Defendants Service Magic, Inc. ("Service Magic") and LendingTree, Inc. ("LendingTree" and together with Service Magic, the "Subsidiaries") are subsidiaries of Defendant IAC InteractiveCorp ("IAC" and collectively with Service Magic and LendingTree, the "Defendants"), which is a holding company. Most of IAC's subsidiaries are wholly owned and conduct business in the field of interactive or electronic commerce. Each subsidiary is separately incorporated.

IAC acquired all of the outstanding capital stock of LendingTree in a transaction that closed on August 8, 2003. At the time of the acquisition, LendingTree was a publicly traded company. Since the 1990s, LendingTree has provided an online lending exchange, through its website www.lendingtree.com, that connects consumers, lenders, real estate agents, and related service providers.

IAC acquired Service Magic on September 2, 2004. At the time of the acquisition, Service Magic was a privately held company. Formed in 1998, Service Magic connects

homeowners to prescreened, profiled, and customer-rated contractors and real estate professionals, offering its services through its website www.servicemagic.com.

Plaintiff alleges that after its predecessor invented and applied for patent protection of the technology in issue, Defendants began making, using, selling and/or offering for sale products and methods that infringe upon the '328 patent under 35 U.S.C. § 271 as direct and/or contributory infringers and/or as inducers of the infringement. Plaintiff alleges that IAC aids and abets the infringements committed by LendingTree and Service Magic, with the specific intent to cause such infringements. Plaintiff further alleges that IAC runs and controls the daily operation of the LendingTree website and the Service Magic website.[1]

Plaintiff alleges that Defendants have knowledge of Plaintiff's patent rights but continue to infringe these rights willfully, without the permission, license or consent of Plaintiff. Plaintiff seeks a declaration that Defendants have infringed Plaintiff's patent rights and that such infringement is willful, a permanent injunction, and damages.

Presently before the court is Defendant IAC's motion to dismiss the First Amended Complaint for failure to state a claim upon which relief can be granted. In its Opposition Brief, Plaintiff states that its sole claim against IAC is for inducement. Therefore, IAC's arguments concerning other theories of liability – such as direct and contributory infringement, piercing the corporate veil, or agency – purportedly alleged against IAC are moot. The court need consider only whether to dismiss the inducement claim against IAC. For the reasons set forth below, the motion will be denied. The court will also deny Plaintiff's motion to file a surreply.

---

[1] In footnote 2 of its Opposition Brief, Plaintiff notes that ¶ 13 of its Amended Complaint erroneously refers to LendingTree and should refer instead to Service Magic.

3

## *DISCUSSION*

### A. Treating a motion to dismiss as a motion for summary judgment

To decide a motion to dismiss, courts generally consider only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record. Pension Benefit Guar. Corp. v. White Consol. Indus., 998 F.2d 1192, 1196 (3d Cir. 1993) (citations omitted). Courts also may consider indisputably authentic documents that are "integral to or explicitly relied upon in the complaint." In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997) (citations omitted). Rule 12(b)(6) specifically gives the court discretion to accept and consider extrinsic materials offered in conjunction with a Rule 12(b)(6) motion. 2 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 12.34[3][a] (3d ed. 1999) (citations omitted). If the court decides to accept "matters outside the pleadings," the motion will be treated as one for summary judgment under Rule 56. FED. R. CIV. P. 12(b).

In this case, both Plaintiff and IAC have submitted matters outside the pleadings. Plaintiff has submitted the Declaration of Jeffrey I. Kaplan with two exhibits attached – correspondence and complaint dated September 20, 2004 notifying LendingTree and IAC that they were and continued to infringe Plaintiff's patent rights, and "some information...pulled from the Internet indicating that IAC paid approximately three quarters of a billion dollars for LendingTree, Inc. in 2003 when IAC purchased LendingTree, Inc." (Kaplan Decl. ¶ 3.) IAC has submitted the Declaration of Edward T. Ferguson, assistant general counsel of IAC, concerning the relationships between IAC and its subsidiaries. Therefore, the court will treat this motion as one for summary judgment.

### B. Summary judgment

4

Summary judgment will be granted if the record establishes that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). Rule 56(c) imposes a burden on the moving party simply to point out to the district court that there is an absence of evidence to support the nonmoving party's case. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986).

Once the moving party has met this burden, the burden then shifts to the non-moving party. She "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). Moreover, she may not simply "replace conclusory allegations of the complaint or answer with conclusory allegations of an affidavit." Lujan v. National Wildlife Federation, 497 U.S. 871, 888 (1990) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986)). Rather, she must "set forth specific facts showing that there is a genuine issue for trial." FED. R. CIV. P. 56(e).

At the summary judgment stage, the court's function is not to weigh the evidence and determine the truth of the matter, but rather to determine whether there is a genuine issue for trial. Anderson, 477 U.S. at 249. The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment. Id. at 247. In determining whether there exists a material issue of disputed fact, however, the facts and the inferences to be drawn from the facts are to be viewed in the light most favorable to the nonmoving party. Pollock v. Am. Tel. & Tel. Long Lines, 794 F.2d 860, 864 (3d Cir. 1986).

"Whoever actively induces infringement of a patent shall be liable as an infringer." 35 U.S.C. § 271(b). Inducing infringement requires proof of some affirmative act that causes, urges, encourages, or aids another to infringe. Tegal Corp. v. Tokyo Electron Co., Ltd., 248 F.3d 1376,

5

1379 (Fed. Cir. 2001) (citation omitted). Additionally, plaintiff must prove that a defendant had the specific intent to infringe on the patent, *i.e.*, that the defendant knew it was inducing activity that infringes on a patent. Ronald A. Katz Tech. Licensing, L.P. v. Verizon Communications, Inc., Civil Action No. 01-5627, 2002 U.S. Dist. LEXIS 24117, at *11-12 (E.D. Pa. Dec. 18, 2002).

IAC argues that it should be dismissed from this action because Plaintiff's Amended Complaint and Opposition Brief contain only "bald allegations" and "naked assertions" of inducement that are unsupported by any facts.[2] IAC also contends that it lacked knowledge of the '328 patent prior to the commencement of this action, and that, without knowledge of the '328 patent, IAC could not have had the specific intent to infringe the '328 patent. IAC argues that it cannot be held responsible for any acts of its Subsidiaries that may relate to the '328 patent because IAC does not control the day-to-day operations or activities of either subsidiary.

In contrast, Plaintiff alleges that IAC "runs and controls the daily operation" of its Subsidiaries' allegedly infringing websites with "the specific intent to cause such infringements" and "with full knowledge" of Plaintiff's patent rights. (Am. Compl. ¶¶ 11-13; Opp'n Br. at 4.) Plaintiff argues that, even assuming *arguendo* that IAC did not have knowledge of the '328 patent until this action was commenced, dismissal would be inappropriate because Plaintiff is seeking prospective injunctive relief as well as damages for ongoing infringement. Plaintiff claims that it is entitled to discovery on the issues of whether IAC is involved in the decisions of

---

[2]IAC also suggests that Plaintiff did not make a reasonable inquiry into the factual basis of its infringement claim prior to initiating this patent infringement action and may risk Rule 11 sanctions. (IAC Br. at 10, citing View Engineering, Inc. v. Robotic Vision Sys. Inc., 208 F.3d 981 (Fed. Cir. 2000)). The court will not address this contention of IAC because it has not moved for Rule 11 sanctions.

its Subsidiaries such that Plaintiff can prove its inducement claim and whether Plaintiff's patent was discovered in the due diligence performed by IAC in acquiring LendingTree (or when IAC had knowledge of the '328 patent), as well as what IAC has done since becoming aware of the '328 patent.

The court finds that it would be premature to decide a motion for summary judgment without giving the parties a reasonable opportunity for taking depositions and discovery. The nonmoving party – Plaintiff – must have the opportunity to discover information that is essential to his opposition to the motion for summary judgment. Hellstrom v. United States Dep't of Veterans Affairs, 201 F.3d 94, 97 (2d Cir. 2000) (reversing grant of summary judgment where plaintiff had not had the opportunity for discovery) (citations and internal quotation marks omitted). Rule 56(f) provides a means for the nonmoving party to obtain time for further discovery if the court finds that the party opposing a summary judgment motion cannot present facts essential to justify the party's opposition. 11 MOORE'S FEDERAL PRACTICE § 56.10[8][a].

Plaintiff asserts that IAC is involved in the decisions of its Subsidiaries and runs and controls their websites. Plaintiff should have a reasonable opportunity to discover material relevant to its inducement claim, including but not limited to whether IAC was involved with its Subsidiaries' decisions such that it has actively induced its subsidiaries to infringe and whether IAC discovered Plaintiff's patent in the due diligence performed when IAC acquired LendingTree.

Plaintiff asserts that IAC and its officers currently are aware of the '328 patent but are continuing to ignore and infringe the patent by instructing its Subsidiaries to continue their infringing conduct. Plaintiff also is entitled to prove inducement on a going forward basis and to

seek prospective relief in the form of an injunction. See Black & Decker (US) v. Catalina Lighting, 953 F. Supp. 134, 139 (D. Va. 1997) (finding that actionable infringement did not begin until the date the complaint was filed and proceeding to analyze whether alleged inducement occurred after the filing of the complaint). Therefore, Plaintiff should have a reasonable opportunity to conduct discovery regarding IAC's conduct since it became aware of the '328 patent.

Summary judgment motions usually have been decided after the parties had conducted discovery and taken depositions. For example, the court in Ronald A. Katz Tech. Licensing, L.P. v. Verizon Communications, Inc. granted summary judgment in an opinion filed on December 18, 2002, only *after* a motion to compel discovery was granted in part on October 16, 2002 and discovery had taken place. See Ronald A. Katz Tech. Licensing, L.P., No. CIV. A. 01-5627, 2002 WL 31356302, at *4 (E.D. Pa. Oct. 16, 2002) (granting plaintiff's request for production of documents seeking to discover material relevant to plaintiff's properly alleged claims).

In this case, the court finds that Plaintiff has not been given a reasonable opportunity to make its record complete through discovery and/or the taking of depositions and will deny IAC's motion for summary judgment without prejudice.

### C. Motion to file surreply

Plaintiff has submitted one document entitled a "Combined Motion To File A Surreply and Surreply." In a letter to the court dated December 14, 2004, IAC objected to the filing of this surreply and requested the court to strike the surreply or, alternatively, to allow IAC to file "a response to the surreply."

The court may permit the filing of a surreply in its discretion if the party seeking leave to

file the surreply establishes the inability to contest matters presented to the court for the first time in the opposing party's reply. 11 MOORE'S FEDERAL PRACTICE § 56.10[4][b]. After reviewing the "Combined Motion To File A Surreply and Surreply," IAC's Moving Brief and Reply Brief, the court finds that Plaintiff has not established that it was unable to contest the arguments in IAC's Reply Brief. The Reply Brief did not introduce any matters which Plaintiff could not have addressed after reading IAC's Moving Brief. Therefore, the motion to file a surreply will be denied, and the surreply will be stricken.

## *CONCLUSION*

The court has treated Defendant IAC's motion to dismiss for failure to state a claim as a motion for summary judgment because both parties have submitted "matters outside the pleadings" in conjunction with the motion to dismiss. For the reasons set forth above, the motion for summary judgment – which was filed before any discovery was conducted or depositions were taken – with respect to the inducement claim against IAC will be denied without prejudice pursuant to Rule 56(f). The motion to dismiss all other purported claims against IAC is rendered moot by Plaintiff's statement in its Opposition Brief that "the inducement claim [is] the only relevant issue." (Opp'n Br. at 11.) Plaintiff's motion to file a surreply will be denied and its surreply will be stricken.

DICKINSON R. DEBEVOISE, U.S.S.D.J.

January 10, 2005