IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

RECEIVED
WILLIAM T. WALSH, CLERK

2005 MAR -2  P 2: 57

UNITED STATES
DISTRICT COURT

---------------------------------------X
Source Search Technologies, LLC,

    Plaintiff,

v.

LendingTree, Inc., IAC InterActiveCorp;
and ServiceMagic, Inc.,

    Defendants.
---------------------------------------X

Civil Action No. 2:04-cv-4420 (DRD) (SDW)

## STIPULATED PROTECTIVE ORDER

Plaintiff Source Search Technology, Inc. ("SST") and Defendants IAC/InterActiveCorp, LendingTree, Inc. and ServiceMagic, Inc. (collectively "Defendants") stipulate and agree, by and through their attorneys, to the entry of this Protective Order, which shall govern the use, dissemination, and disclosure of certain documents and materials described below and obtained or produced by the parties through discovery in this action.

### General Statement of Purpose

The parties, through counsel, stipulate that good cause exists for the entry of this Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure to protect against improper disclosure or use of confidential information produced or disclosed in this case. The parties to these actions wish to formulate a procedure that will both facilitate the discovery contemplated in this action, and maintain the confidentiality of information produced in discovery (including answers to interrogatories, document requests, requests for admission, and depositions) that contains trade secrets, confidential research, or confidential commercial information.

1

A substantial volume of materials is being sought, and is expected to be sought, in discovery in this action from the parties that includes confidential and sensitive commercial information. The parties believe that this confidential information includes, but is not limited to, sensitive financial information, including sales information, and sensitive technical information.

The party producing such information (the "Producing Party") would suffer serious competitive harm if the information identified above or other competitively sensitive information were made available to its customers and/or competitors.

This matter does not involve public entities or officials. The Producing Party's interest in restricting the disclosure and use of the confidential information listed above far outweighs the interest of the public in having access to such information.

**1.     Proceedings and Information Governed**

This Order shall govern any document, information or other thing furnished by any party, including third parties, to any other party in connection with the discovery and pretrial phase of this action. The information protected includes, but is not limited to, responses to requests to produce documents or other things, responses to interrogatories, responses to requests for admissions, responses to subpoenas, deposition testimony and exhibits, and all copies, extracts, summaries, compilations, designations and portions thereof.

**2.     Types of Information for Protection Under This Order**

Any party to this action, or non-party subject to subpoena, shall have the right to identify and designate as **"CONFIDENTIAL"** or **"HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY"** any document or other discovery materials it produces or provides, or any testimony it gives in this action, which testimony or discovery material

#819230 v2
105556-52625

is believed by that party to constitute, reflect, or disclose non-public commercial information relating to (collectively "Confidential Information"):

(a) The financial performance or results of the producing party, including without limitation income statements, balance sheets, cash flow analyses, budget projections, and present value calculations;

(b) Corporate and strategic planning by the producing party, including without limitation marketing plans, competitive intelligence reports, sales projections and competitive strategy documents;

(c) Names, addresses, and other information that would identify customers or prospective customers, or the distributors or prospective distributors, of the producing party; and

(d) Technical data, research and development data, confidential commercial information, trade secrets, and patent applications that are not publicly available of the producing party.

### 3. Designation of Information for Protection Under This Order

Any such information produced in this action that is reasonably believed by the producing party to be non-public, proprietary or confidential may be designated as **"CONFIDENTIAL"** or **"HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY."** The appropriate designation may be made by stamping or otherwise marking the information prior to production as follows: **"CONFIDENTIAL"** or **"HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY."** In the case of written material, documents or tangible items, the appropriate designation shall be made at the time the receiving party is provided a copy of the writing or thing. In the case of deposition testimony, a party seeking to invoke the protection of this Order shall give prompt notice thereof at the deposition or within thirty (30) days after receipt of the deposition transcript. In the event such notice is given, the provisions of paragraphs 14 and 15 below shall apply. In the case of documents stored electronically, such as on CD-

ROMs or transmitted by electronic means, the appropriate designation may be made by affixing the legend "**CONFIDENTIAL**" or "**HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY**", as appropriate, on the outside of the storage medium, *e.g.*, the disk, or by specifically notifying recipients in writing of the designation of the Confidential or Highly Confidential Information, *e.g.*, in the subject matter line or beginning of any electronic mail message. A Party desiring to make electronic copies of the disk or portions thereof shall affix the same designation on the copy as exists on the original. A Party desiring to forward or otherwise transmit by electronic means all or a portion of the contents of information or documents stored electronically, shall specifically notify the recipient(s) of the confidentiality designation applicable thereto; no designated materials shall be forwarded or transmitted electronically to anyone not entitled to receive materials so designated under this Stipulation and Order. A Party desiring to make a "hard copy" of all or a portion of the contents of information or documents stored electronically, shall place on each page of such hard copy the same designation as is applicable to the electronically stored copy. The parties agree to designate information as "**CONFIDENTIAL**" and "**HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY**" on a good faith basis and not for the purpose of harassing the receiving party or for the purpose of unnecessarily restricting the receiving party's access to information concerning the lawsuit.

In the event that information is provided under this Order, whether in written or oral form, without any designation of confidentiality, such information may be designated confidential at a later time, and shall be treated as confidential by all parties hereto as though such information had been designated confidential when originally provided, except to the extent that such information has already been disclosed to individuals who otherwise would not have been entitled to have the information disclosed to them in the first place. In the event that the information referred to immediately above is disclosed to such individuals, the party failing to make the initial

designation may request the disclosing party to identify such recipients. The disclosing party shall not be required to identify recipients if it believes that to do so would reveal attorney work product or attorney client privilege. Thereafter, the party failing to make the initial designation may seek relief from the Court. In no event shall a disclosure of recipients be deemed a waiver of any privilege or immunity.

If a party (or non-party subject to subpoena) decides to add a designation to any document previously produced without a designation, or to delete the designation on any document previously produced, the producing party (or non-party) shall produce to the other parties substitute copies of such documents bearing the desired designation. The parties to whom the substitute copies of such documents are produced shall substitute the later produced documents for the previously produced documents, and destroy or return to the producing party the previously produced documents.

### 4. Disclosure of Confidential Information

Information marked **"CONFIDENTIAL,"** as distinguished from **"HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY,"** may be disclosed by the receiving party to the following recipients only:

(a) The outside litigation attorneys of record in this action, and any outside litigation attorneys retained by the parties in this action to consult on the litigation, and their respective associates, clerks, legal assistants, stenographic and support personnel, and other employees of such outside litigation attorneys, and organizations retained by such attorneys to provide litigation support services in this action and the employees of said organizations;

(b) Independent experts and consultants, and the employees of such experts and consultants who are assisting them, retained or consulted by counsel of record for any party for the purpose of assisting counsel in the litigation (but

excluding any persons regularly employed by a party or a competitor of a party and any person whose testimony will consist of lay opinions rather than expert opinions);

    (c)    Up to two designated employees of the named party;

    (d)    Any certified shorthand or court reporters or persons operating video equipment at depositions retained to report a deponent's testimony in this case;

    (e)    Third party contractors, including employees and agents thereof, involved solely in one or more aspects of organizing, filing, copying, coding, converting, sorting, or retrieving data or designing programs for handling data connected with this action, including the performance of such duties in relation to a computerized litigation support system;

    (f)    The Court, including its clerks, reporters and staff;

    (g)    The persons permitted under paragraph 13 below; and

    (h)    Such other persons as hereafter may be designated by written agreement of all parties in this action or by Order of the Court, such Order obtained on noticed motion (or on shortened time as the Court may allow), permitting such disclosure.

**5.**     **Disclosure of HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY Information**

All documents, information or other things designated **"HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY"** are included within the meaning of Confidential Information as used in this Order, and all the provisions set forth in the Order that apply to Confidential Information also apply to material designated **"HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY."** However, documents, information and other things designated **"CONFIDENTIAL - OUTSIDE ONLY"** shall not be disclosed to persons referred to in subparagraph 4(c) of this Order, except as provided in paragraph 13 (i.e., the author or addressee of the document).

Furthermore, from the date of the entry of this Protective Order, until two years after the conclusion of this litigation (including appeals), any attorney, patent agent, consultant or other person who sees, reviews, discusses the subject matter of, or otherwise has access to materials of another party designated as "**HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY**" shall not participate in the prosecution of any patent applications on behalf of a party to this action (including any employees, parents, subsidiaries, divisions, successors or affiliates of the party) relating to the subject matter of the patent-in-suit, including, but not limited to, any continuations, continuations-in-part, reexaminations, reissues, or foreign counterparts of the patent-in-suit or any other patents or patent applications related to the patent-in-suit. For the purposes of this Protective Order, "participate[s] in the prosecution of patent applications" shall include drafting or amending patents or patent applications (or any portion thereof), drafting or amending responses to Official Actions, and supervising, directing, advising or assisting others in any of the foregoing activities.

### 6. Declarations

Each person referred to in paragraphs 4(b) and 4(c) hereof to whom Confidential Information is to be given, shown, disclosed, made available or communicated in any way, shall execute a declaration, in the form attached hereto as Exhibit A, agreeing to be bound by the terms of this Order. Secretarial and clerical personnel who qualify under 4(b) only shall not be required to execute said declaration, but experts or consultants under 4(b) who execute such declaration shall be responsible for maintaining compliance with this Order by secretarial and clerical personnel. The executed declarations shall be maintained by counsel for the party that has disclosed the Confidential Information.

A party believing there has been a violation of the protective order must provide written notice of such belief to all other parties. The parties thereafter shall informally attempt to resolve the matter promptly, but the responding party shall have at

least five (5) business days to investigate the assertion. If the parties are unable to resolve the issue, then the party asserting that a violation occurred shall move the Court for relief and give written notice to all parties of its intent to so move.

### 7. **Disclosure to Experts** and Designated Employees

At least five (5) business days prior to giving, showing, disclosing, making available or communicating Confidential Information to any person referred to in paragraph 4(b) or 4(c), the disclosing party shall deliver to all other parties a copy of the declaration signed by the person to whom Confidential Information is proposed to be disclosed and, in the case of persons referred to in paragraph 4(b), a curriculum vitae of the person that discloses all of his/her current and former employers and/or consulting engagements. Any other party shall be entitled to object to such disclosure within five (5) business days after service of the copy of the declaration of the person to whom Confidential Information is to be disclosed by stating specifically in writing the reasons why that party believes such person should not receive Confidential Information. In the event of such an objection, no disclosure of Confidential Information shall be made to such person for a period of five (5) business days following the date of service of the objection, in order to permit the objecting party to move for an Order that disclosure not be made to said persons, or made only under certain conditions. Any such motion shall be set for the earliest possible date on the Court's motion calendar, and shall not be continued without the consent of all parties. If no such motion is made in such time and manner, Confidential Information may be disclosed to such person for the purposes and upon the conditions therein stated. If such a motion is made, there shall be no disclosure to such person until the Court has ruled upon the motion, and then only in accordance with the ruling so made. The filing and pendency of such motion shall not limit, delay or defer any disclosures of the Confidential Information to persons as to whom no such objection has been made, nor shall it delay or defer any other pending discovery. However, if the inability to disclose information pending the aforesaid motion

#819230 v2
105556-52625

would prejudice a party's ability to meet any deadline, then the party may seek leave of Court to extend such deadline by the minimum amount required to permit resolution of the issue concerning the Confidential Information and the opposing party shall not object to such a request.

It is understood and agreed that if pursuant to this Order a party identifies a person as an expert, no other party shall contact the expert nor subject the expert to discovery to inquire into matters arising within the expert's consultation with the identifying party, except as provided under the Federal Rules of Civil Procedure.

### 8. Use

The attorneys of record are responsible for employing reasonable measures to control, consistent with this Order, duplication of, access to, and distribution of copies of Confidential Information. Parties to this action (other than the party which designated the document as Confidential Information) shall not duplicate any document designated Confidential Information except working copies and copies for filing in Court under seal. Confidential Information shall be used by the party and persons to whom it is disclosed solely in connection with the prosecution, defense or settlement of this action and any appellate proceeding related thereto. Confidential Information shall not be used by such party or persons for any business or other purpose, unless agreed to in writing by all parties to this action or as authorized by further Order of the Court. No person who is furnished Confidential Information shall disclose it to any person not entitled under this Order to receive it.

### 9. Court Procedures

(a) Pleadings which contain or annex Confidential Information shall be filed in sealed envelopes or other appropriate containers on which shall be endorsed the title of the action to which they pertain, an indication of the nature of the contents of the sealed envelope or other container, the word "**CONFIDENTIAL,**" and a statement substantially in the following form:

#819230 v2
105556-52625

**THIS ENVELOPE IS SEALED PURSUANT TO ORDER OF THE COURT, CONTAINS CONFIDENTIAL INFORMATION AND IS NOT TO BE OPENED NOR THE CONTENTS REVEALED EXCEPT BY ORDER OF THE COURT.**

(b) Any Court hearing which refers to or describes Confidential Information shall in the Court's discretion be held in camera.

### 10. Confidential Information at Trial

The parties shall advise the Court at the time of the final pretrial conference if there is Confidential Information that may be introduced into the trial. Any party may move the Court for an appropriate order to protect use of such Confidential Information at trial.

### 11. Party's Own Information

The restrictions on the use of Confidential Information established by this Protective Order are applicable only to the use by a party of Confidential Information received from the other party. A party is free to do whatever it desires with its own documents and things.

### 12. Removal

A party may seek to downgrade the degree of confidentiality or removal of particular items of Confidential Information from this Order. In such event, the following procedure shall be utilized:

(a) The party or person seeking such downgrade or removal shall give counsel of record for the other party written notice thereof, supported by reasons therefore specifying the document, information or other thing as to which such downgrade or removal is sought;

(b) If the parties cannot reach agreement concerning the matter within seven (7) days after delivery (or in the case of mailing, ten (10) days thereafter) of the notice, or such shorter time as the Court may allow, then the party seeking the downgrade or removal of Confidential Information from this Order may file and serve a motion for an Order of this Court for appropriate relief. Any such motion shall be set for

#819230 v2
105556-52625

the earliest possible date on the Court's law and motion calendar, and shall not be continued without the consent of all parties. The party seeking to protect the information and/or document bears the burden, in any such motion, to establish the appropriateness of the protection or degree of protection sought.

No party shall be obligated to challenge the propriety of the designation of any material as **"CONFIDENTIAL"** or **"HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY"** upon its production in this case, and a failure to do so shall not preclude any subsequent objection to such designation or motion for leave to disclose such material or the information contained therein to persons not referred to in this Order, or from otherwise modifying the provisions of this Order.

### 13. Disclosure to Author or Addressee

Nothing herein shall prohibit a party, or its counsel, from disclosing a document which is Confidential Information to the person who is the author or addressee of such document, or people copied thereof.

### 14. Depositions

Regardless of whether notice was given at the deposition, deposition transcripts shall be considered **"HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY"** by a party for 15 days after delivery of the transcript to that party. Each party shall have 15 days after receipt of the deposition transcript within which to inform the other parties to the action of the portions of the transcript (by specific page and line numbers) to be designated as **"CONFIDENTIAL"** or **"HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY."** Unless so designated, any confidentiality is waived after the expiration of the 15 day (or other agreed) period, unless otherwise stipulated or ordered.

In order to make the depositions go more smoothly, the parties agree that if a deposition is eliciting Confidential Information, the entire deposition may be so

designated at the deposition, and the appropriate parts downgraded within a reasonable time thereafter.

### 15. Exclusion from Deposition

Whenever any documents, information or other things designated as **"CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY,"** are to be discussed or disclosed in a deposition, any party claiming such confidentiality may exclude from the room any person who is not entitled to receive documents, information or other things designated as **"CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY."**

### 16. Nonparty Reliance on Order

If discovery is sought of a person not a party to this action ("nonparty") requiring disclosure of such nonparty's confidential information, the confidential information disclosed by such party may be designated by the nonparty as **"CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY,"** as provided under this Protective Order, and will be subject to the same protection and procedures as those governing disclosure of the parties' Confidential Information.

### 17. Nonparty Requests for Information Subject to This Order

If any party is subpoenaed in another action, served with a demand in another action to which it is a party, or is served by any legal process by one not a party to this action, seeking information that was designated as **"CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY"** by someone other than that party, the party shall give written notice by hand, email or facsimile transmission within ten (10) days of receipt of such subpoena, demand, or legal process to the party who designated the information, and shall object to its production to the extent permitted by law, setting forth the existence and terms of this Protective Order. Nothing herein shall be construed as requiring the party or anyone else covered by this Protective Order to challenge or appeal any order requiring production of information subject to this

#819230 v2
105556-52625

Protective Order, or subject itself to any penalties for noncompliance with any legal process or order, or to seek any relief from this Court.

### 18. No Waiver

Neither the taking of nor the failure to take any action to enforce the provisions of this Protective Order, nor the failure to object to any designation or any such action or omission, shall constitute a waiver of any right to seek and obtain protection or relief, other than as specified herein, of any claim or defense in this action or any other action including, but not limited to, the claim or defense that any information is or is not proprietary to any party, is or is not entitled to particular protection, or that such information embodies trade secrets of any party. The procedures set forth herein shall not affect the rights of the parties to object to discovery on grounds other than those related to trade secrets or proprietary information claims, nor shall it relieve a party of the necessity of proper response to discovery devices.

### 19. No Waiver of Privilege

Nothing in this Protective Order shall be deemed a waiver of the attorney-client, work product or any other privilege or immunity, or of the right of any party to this action to oppose production of any information or documents as being outside the scope of discovery authorized by the Federal Rules of Civil Procedure or otherwise.

Inadvertent production of documents subject to work product immunity or the attorney-client privilege shall not constitute a waiver of the immunity or privilege, provided that the disclosing party promptly notifies the receiving party in writing of such inadvertent production after the disclosing party learns of such inadvertent disclosure. No party shall thereafter assert that such inadvertent production waived any privilege or immunity. No use shall be made of such documents during the deposition or at trial, or shall they be shown to anyone who was not given access to them prior to the request to return or destroy them. The receiving party shall return such inadvertently produced item(s) of information and all copies thereof within ten (10) days of the earliest of (a)

#819230 v2
105556-52625

discovery by the receiving party of its inadvertent production, or (b) receiving a written request from the disclosing party for the return of such item(s). The receiving party having returned such inadvertently produced item(s) may thereafter, without asserting waiver because of the inadvertent production, seek production of any such item(s) in accordance with the Federal Rules of Civil Procedure.

### 20.  No Limit on Parties' Rights to Discovery

Nothing in this Protective Order shall be construed to limit, restrict or otherwise affect the ability of the parties to seek the production of documents, testimony or any other information from any source.

### 21.  Advice of Counsel to Party

Nothing in this Protective Order shall prevent or otherwise restrict counsel from rendering advice to their clients and, in the course thereof, relying generally on **"CONFIDENTIAL"** or **"HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY"** materials; provided, however, that in rendering such advice counsel shall not disclose, reveal or describe any such materials except insofar as allowed (if allowed at all) under the terms of this Order.

### 22.  Disclosure of Confidential Material to Unauthorized Person

If **"CONFIDENTIAL"** or **"HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY"** material or information contained therein is disclosed to any person other than those entitled to disclosure in the manner authorized by this Protective Order, the party responsible for the disclosure shall immediately upon learning of such disclosure inform the designating party in writing of all pertinent facts relating to such disclosure and shall make every effort to prevent further disclosure by the unauthorized persons(s). Notwithstanding the foregoing, outside counsel of record are responsible for employing reasonable measures to control, consistent with this Order, duplication of, access to, and distribution of **"CONFIDENTIAL"** or **"HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY"** materials. Nothing in this Protective Order shall prevent a

14

party to move the Court for an order of contempt or other such relief for any violation of this Protective Order.

### 23. No Probative Value

This Protective Order shall not abrogate or diminish any contractual, statutory or other legal obligation or right of any party or person with respect to any Confidential Information. The fact that information is designated **"CONFIDENTIAL"** or **"HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY"** under this Protective Order shall not be deemed to be determinative of what a trier of fact may determine to be confidential or proprietary. This Order shall be without prejudice to the right of any party to bring before the Court the question of: (i) whether any particular material is or is not confidential; (ii) whether any particular information or material is or is not entitled to a greater or lesser degree of protection than provided hereunder; or (iii) whether any particular information or material is or is not relevant to any issue of this case, provided that in doing so the party complies with the foregoing procedures. Absent a stipulation of all parties, the fact that information has been designated confidential under this Protective Order shall not be admissible during the trial of this action, nor shall the jury be advised of such designation. The fact that any information is disclosed, used or produced in discovery or trial herein shall not be construed admissible, or offered in any action or proceeding before any court, agency or tribunal as evidence of or concerning whether or not such information is confidential or proprietary.

### 24. Return of Information

Within sixty (60) days after the conclusion of this action, whether by settlement or final judgment, all Confidential Information and all documents which reflect such information (except as provided below), and a list of all persons who signed declarations in respect thereto, shall, upon the request of the party furnishing such Confidential Information, be (i) delivered to the party that furnished such Confidential Information or (ii) in lieu of delivery to the furnishing party, destroyed, in which event

15

counsel shall give written notice of such destruction to opposing counsel. In no event shall a party retain a copy of the Confidential Information produced to it, except that outside litigation counsel may keep one copy of pleadings containing confidential information for archival purposes. Nothing in this Protective Order requires the return or destruction of attorney work-product or attorney-client communications of either party which is maintained and stored by counsel in the regular course of business. Furthermore, nothing in this Protective Order requires the return of Confidential Information filed with the Court.

### 25. **Court's Jurisdiction**

The Court retains jurisdiction to make such amendments, modifications, deletions and additions to this Protective Order as the Court may from time to time deem appropriate. The provisions of this Protective Order regarding the use and/or disclosure of Confidential Information shall survive the termination of this action, and the Court shall retain jurisdiction with respect to this Protective Order.

### 26. **Effective Date**

Upon the signing of this Protective Order by the District Court Judge, this Protective Order shall be effective as against all party signatories hereto as of the date of such signature of that party or party's representative, thereby rendering this Order effective nunc pro tunc to the date of such party's signature.

### 27. **Amendment**

Either party may move the Court to amend this Protective Order at any time. Moreover, parties entering into this Protective Order will not be deemed to have waived any of their rights to seek later amendment to this Protective Order.

The parties, through their undersigned counsel, agree to the terms of this Stipulated Protective Order as of the last date shown below.

#819230 v2
105556-52625

| | |
|---|---|
| KAPLAN & GILMAN, LLP | GIBBONS, DEL DEO, DOLAN, GRIFFINGER & VECCHIONE<br>A Professional Corporation |

By: _Jeffrey A. Kaplan_
Jeffrey A. Kaplan, Esq. (JK 4706)
900 Route 9 North
Woodbridge, NJ 07095
Telephone: (732) 634-7634
Facsimile: (732) 634-6887

*Attorneys for Plaintiff*
Source Search Technologies, LLC

By: _____
Kevin J. McKenna, Esq. (KJM 7530)
Elvin Esteves, Esq. (EE 2216)
One Riverfront Plaza
Newark, NJ 07102-5497
Telephone: (973) 596-4500
Facsimile: (973) 586-0545

OF COUNSEL:

Holmes J. Hawkins III, Esq.
A. Shane Nichols, Esq.
James J. Mayberry, Esq.
KING & SPALDING, LLP
191 Peachtree Street
Atlanta, GA 30303
Telephone: (404) 572-4600
Facsimile: (404) 572-5145

*Attorneys for Defendants*
LendingTree, Inc., IAC InterActiveCorp
and ServiceMagic, Inc.

**IT IS SO ORDERED.**

Dated: _February 25_, 2005

_____
UNITED STATES DISTRICT COURT

#819230 v2
105556-52625

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

------------------------------------------------X
Source Search Technologies, LLC,

        Plaintiff,

v.

LendingTree, Inc., IAC InterActiveCorp
and Service Magic, Inc.,

        Defendants.
------------------------------------------------X

Civil Action No. 2:04-cv-4420 (DRD) (SDW)

## CERTIFICATE OF CONSENT TO BE BOUND BY PROTECTIVE ORDER

### EXHIBIT (A)

The undersigned, _____, hereby acknowledges that he/she has read the Protective Order entered in this action by the United States District Court for the District of New Jersey on _____, 2005 and that he/she understands the terms thereof, agrees to be bound by such terms, and agrees to be subject to the jurisdiction of said Court in all matters relating to said Protective Order.

Date: _____

Name: _____

Address: _____

         _____

#819230 v2
105556-52625