Kevin J. McKenna, Esq. (KJM 7530)
Elvin Esteves, Esq. (EE 2216)
**GIBBONS, DEL DEO, DOLAN**
**GRIFFINGER & VECCHIONE**
A Professional Corporation
One Riverfront Plaza
Newark, New Jersey  07102-5496
(973) 596-4500
Attorneys for Defendants
LendingTree, LLC,
IAC/InterActiveCorp,
and Service Magic, Inc.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| Source Search Technologies, LLC, | **ELECTRONICALLY FILED DOCUMENT** |
| Plaintiff, | |
| -- against -- | Civil Action No.  2:04-cv-4420 (DRD) (SDW) |
| LendingTree, LLC, IAC/InterActiveCorp and Service Magic, Inc., | |
| Defendants. | |

**DEFENDANTS' LENDINGTREE, LLC,
IAC/INTERACTIVECORP, AND SERVICE MAGIC, INC.
RESPONSE TO THIRD PARTY KAPLAN'S MOTION FOR A
PROTECTIVE ORDER AND/OR TO QUASH SUBPOENA**

# **TABLE OF CONTENTS**

PRELIMINARY STATEMENT..................................................................1

FACTUAL BACKGROUND.....................................................................1

ARGUMENT AND CITATION OF AUTHORITY......................................3

    I.      NEITHER THE FEDERAL RULES OF CIVIL PROCEDURE NOR COURTS IN THIS CIRCUIT PROHIBIT DEPOSITIONS OF ATTORNEYS........................3

          A.     As The Moving Party, Kaplan, Not Defendants, Bears The Burden Of Persuasion That The Deposition Should Not Proceed......................................................4

          B.     Kaplan Has Non-Privileged Knowledge About Relevant Patents..........................................................5

          C.     Because Kaplan's Testimony Is Relevant And Within Defendants' Legitimate Discovery Needs, A Protective Order Is Not Called For.............................6

          D.     Kaplan Cannot Establish That His Deposition Would Unduly Burden Or Oppress SST..........................9

    II.     KAPLAN'S ARGUMENT RESTS ON CASES THAT ARE INAPPOSITE...........................................................11

CONCLUSION......................................................................................13

#843360 v2
105556-53217

# TABLE OF AUTHORITIES

## FEDERAL CASES

aaiPharma, Inc. v. Kremers Urban Dev. Co.,
   361 F. Supp. 2d 770, 775 (N.D. Ill. 2005)..........................................11

Alcon Laboratories, Inc. v. Pharmacia Corp.,
   225 F. Supp. 2d 340 (S.D.N.Y. 2002).....................................6, 11, 8

Amicus Communications, L.P. v. Hewlett-Packard Co.,
   1999 WL 33117227 (D.D.C. Dec. 03, 1999)....................................10

Arcuri v. Trump Taj Mahal Assocs.,
   154 F.R.D. 97 (D.N.J. 1994) ..........................................................4

In re Arthur Treacher's Franchisee Litig.,
   92 F.R.D. 429 (E.D. Pa. 1981)...................................................4, 5

Connecticut Indem. Co. v. Markman,
   1993 WL 452104 (E.D. Pa. 1993)...................................................5

Ferguson Beauregard/Logic Controls v. Mega Syst., LLC,
   350 F.3d 1327 (Fed. Cir. 2003).......................................................7

Frazier v. Southeastern Pa. Transp. Auth.,
   161 F.R.D. 309  (E.D. Pa. 1995)..................................................4, 9

In re Gabapentin Patent Litig.,
   214 F.R.D. 178 (D.N.J. 2003)........................................................5

Hay & Forage Indus.,
   132 F.R.D. 687  (D. Kan 1990).......................................................5

Johnston Dev. Group, Inc. v. Carpenters Local Union No. 1578,
   130 F.R.D. 348 (D.N.J. 1990)....................................................4, 6

McKesson Info. Solutions, LLC. v. The Trizetto Group, Inc.,
2005 WL 914776 (D. Del. Apr. 20, 2005).......................................8

In re Minebea Corp.,
   143 F.R.D. 494 (S.D.N.Y.1992).....................................................5

Musko v. McCandless,
   1995 WL 580275 (E.D. Pa. 1995)..............................................4, 11
Oak Indus. v. Zenith Corp.,
   687 F. Supp. 369 (N.D. Ill.) ........................................................10

#843360 v2
105556-53217

Pamida, Inc. v. E.S. Originals, Inc.,
    281 F.3d 726 (8th Cir. 2002)............................................................11

Peerless Heater Co. v. Mestek, Inc.,
    2000 WL 151281 (E.D. Pa. 2000).....................................................9

Power Mosfet Techs., v. Siemens Ag,
    206 F.R.D. 422 (E.D. Tex. 2000)......................................................7

Precision Instrument Mfg. Co. v. Auto. Maint. Mach. Co.,
    324 U.S. 806 (1945).........................................................................7

Shelton v. Am. Motors Corp.,
    805 F.2d 1323 (8th Cir. 1986)................................................4, 5, 11

Smithkline Beecham Consumer Healthcare, L.P. v.
    Colgate-Palmolive Co.,
    1999 WL 1246924 (E.D. Pa. Dec. 22, 1999)...................................6, 9

ResQNet.com, Inc. v. Lansa, Inc.,
    2005 WL 90964 (S.D.N.Y. Jan. 13, 2005) (Slip Op.).....................6, 8, 9

ResQNet.com, Inc. v. Lansa, Inc.,
    2004 WL 1627170 (S.D.N.Y. July 21, 2004).....................................12

## FEDERAL STATUTES

Fed. R. Civ. P. 9(b)..................................................................................8

Fed. R. Civ. P. 26................................................................................1, 3

Fed. R. Civ. P. 30......................................................................................3

Fed. R. Civ. P. 33 .....................................................................................8

Fed R. Civ. P. 45........................................................................................1

#843360 v2
105556-53217

## PRELIMINARY STATEMENT

In accordance with Rules 26(c) and 45 of the Federal Rules of Civil Procedure and Local Rule 37.1, Defendants LendingTree, LLC, IAC/ InterActiveCorp, and Service Magic, Inc., (collectively "Defendants") hereby file this Response to Third Party Kaplan's Motion For a Protective Order And/Or To Quash Subpoena ("Motion to Quash"), filed by Jeffrey Kaplan ("Kaplan") on May 23, 2005.  Because Defendants' subpoena to Kaplan is proper, the Court should deny Kaplan's Motion to Quash.

## FACTUAL BACKGROUND

Source Search Technologies ("SST") is the owner of U.S. Patent No. 5,758,328 (the "Patent-In-Suit"), which SST alleges is infringed by Defendants.  Pursuant to the Court's Amended Scheduling Order of January 21, 2005 ("Scheduling Order"), discovery is scheduled to close on June 30, 2005.  Defendant LendingTree, LLC initially noticed Kaplan's deposition on May 9, 2005.  See Notice Of Deposition For Jeffrey Kaplan, attached hereto as Exhibit A.  Following a request by Kaplan to confirm his deposition through a subpoena rather than by notice, on May 11, 2005 Defendants served the deposition subpoena attached hereto as Exhibit B on Kaplan for a deposition on June 16, 2005.  On May 23, 2005, Kaplan moved for a protective order or to quash the subpoena.  For the reasons set forth below, the Court should deny Kaplan's Motion to Quash and permit the deposition to proceed.

Kaplan is lead trial counsel for SST in this matter.  In addition, and pivotal to Defendants' decision to seek Kaplan's deposition, Kaplan prosecuted the Patent-In-Suit before the Unites States Patent and Trademark Office ("Patent Office").  Kaplan played a primary role in the prosecution of the Patent-In-Suit including: (1) filing a "Petition to

Make Special" to obtain expedited treatment of the patent application; (2) commissioning a prior art search in support of the petition; (3) characterizing the results of the prior art search to the Patent Office; (3) making amendments to the patent application in response to Patent Office rejections; (4) advocating the patentability of the claims of the Patent-In-Suit in response to the Office Actions from the Patent Office; and (5) responding to all other correspondence from the Patent Office. See Excerpts from U.S. Patent No. 5,758,328 Prosecution History, attached hereto as Exhibit C.

Kaplan also is prosecuting a pending reissue patent application for a related patent (the "Reissue Patent") that has an identical specification as the Patent-In-Suit, and is prosecuting foreign patent applications related to the Patent-In-Suit. Defendants are entitled to full discovery concerning the Patent-In-Suit, which SST alleges that Defendants infringe. Accordingly, Defendants seek Kaplan's testimony concerning the Patent-In-Suit, Reissue Patent, and foreign applications. See May 16, 2005 e-mail from H. Hawkins to J. Kaplan, attached to Declaration of Jeffrey I. Kaplan In Support Of Third Party Kaplan's Motion To Quash. Counsel for Defendants have made clear that Defendants do not seek the disclosure of privileged information. Id. Because the testimony sought is relevant to the claims or defenses in this action, which turn on the construction and prosecution of the Patent-In-Suit, the Court should deny Kaplan's Motion to Quash.

The procedural posture of this matter does not justify a protective order or an order quashing the subpoena. Discovery in this case is still open. Defendants subpoenaed Kaplan more than six weeks before the close of discovery. Also, the Court has not issued a claim construction order. Indeed, initial Markman briefs are not even due to the Court until July 29, 2005. See Scheduling Order at 2. Moreover, Defendants

all identified Kaplan as someone likely to have discoverable information about Defendants' answers, affirmative defenses, and counterclaims on or about January 21, 2005 in their initial disclosures.  See Initial Disclosures of Defendants LendingTree, LLC, IAC/ InterActiveCorp, and Service Magic, Inc., each attached hereto as Exhibit D.  Specifically, Kaplan was identified as someone likely to have knowledge about prosecution of the Patent-In-Suit and related patent applications.  Thus, SST has been on notice that Defendants would seek discovery relating to Kaplan's relevant knowledge since discovery began.  Accordingly, Defendants should be permitted to depose Kaplan as to his relevant, non-privileged knowledge.

## ARGUMENT AND CITATION OF AUTHORITY

I.  Neither The Federal Rules Of Civil Procedure Nor Courts In This Circuit Prohibit Depositions Of Attorneys.

The Federal Rules of Civil Procedure provide for broad and liberal discovery "regarding any matter, not privileged, that is relevant to the claim or defense of any party…" Fed. R. Civ. P. 26(b)(1).  Rule 30 specifically permits a party to "take the testimony of any person, including a party, by deposition upon oral examination." Fed. R. Civ. P. 30(a)(1).  Nothing in the Rules prohibits the deposition of trial counsel simply because he or she is trial counsel.  Moreover, this court and other courts in this Circuit have held that there is no general prohibition against obtaining the deposition of opposing counsel with regard to relevant, non-privileged information. Johnston Dev. Group, Inc. v. Carpenters Local Union No. 1578, 130 F.R.D. 348, 352 (D.N.J. 1990); Frazier v. Southeastern Pa. Transp. Auth., 161 F.R.D. 309, 313 (E.D. Pa. 1995); In re Arthur Treacher's Franchisee Litig., 92 F.R.D. 429, 437 (E.D. Pa. 1981); see also Arcuri v. Trump Taj Mahal Assocs., 154 F.R.D. 97, 100 (D.N.J. 1994) ("if the testimony [of

opposing counsel] sought in these depositions otherwise meets the requirements of Rule 26, and it is not privileged, it may be obtained in discovery") (internal punctuation omitted).

    A.    As The Moving Party, Kaplan, not Defendants, Bears The Burden Of Persuasion That The Deposition Should Not Proceed.

In this district, "the preclusion of attorney depositions is to be analyzed with the same standards as any other protective order motion, **with the movant bearing the burden of persuasion under Rule 26(c).**" Johnston, 130 F.R.D. at 352-3 (emphasis added); see also Frazier, 161 F.R.D. at 313; Musko v. McCandless, 1995 WL 580275 (E.D. Pa. 1995) (holding that the burden is on the moving party to show good cause for entering a protective order).  Kaplan, however, repeatedly and improperly attempts to place the burden of persuasion on Defendants.  See Motion to Quash at 1 ("A party wishing to depose the opposing lead trial counsel may only do so upon the high showing that…"); Motion to Quash at 2 ("…evidence of the high burden faced here by defendants… As set forth below, defendants cannot meet their burden…").  Indeed, the main case upon which Kaplan relies, Shelton v. Am. Motors Corp., is in direct conflict with the cases in this Circuit as to the burden of persuasion.  805 F.2d 1323 (8th Cir. 1986) (holding that a request to depose opposing counsel is presumed to be good cause for a protective order, thereby shifting the burden of persuasion to the party seeking the deposition).  Here -- unlike in Shelton -- Kaplan bears the burden to show good cause for a protective order.

    B.    Kaplan Has Non-Privileged Knowledge About Relevant Patents.

Kaplan's knowledge regarding prosecuting the Patent-In-Suit, the Reissue Patent, and the foreign applications is not inherently privileged.  As a general rule, testimony

about, and documents or materials prepared in the course of, patent prosecution are not protected work product because they are not prepared in anticipation of litigation.  See In re Gabapentin Patent Litig., 214 F.R.D. 178, 184-5 (D.N.J. 2003); In re Minebea Corp., 143 F.R.D. 494, 499 (S.D.N.Y.1992).  Such information is gleaned or prepared for the express purpose of sharing it with a non-party, namely, the United States Patent Office.  Thus, Kaplan's testimony is not generally protected by the work product doctrine.  Moreover, while there may be some areas or information about which Kaplan may not testify on the basis of the attorney-client privilege, the preferred practice in such situations is to permit the deposition to go forward and allow objections to specific questions as they arise.  See  Hay & Forage Indus., 132 F.R.D. 687, 689-90 (D. Kan 1990); In re Arthur Treacher's Franchisee Litig., 92 F.R.D. 429, 437 (E.D. Pa. 1981); see also Connecticut Indem. Co. v. Markman, 1993 WL 452104, *7 (E.D. Pa. 1993) ("Any objections that [opposing counsel] have concerning privileged material can be raised at the deposition [of the opposing counsel]. If an objection is raised, the court expects that both sides will be able to resolve any differences without unduly burdening the court").

    C.    Because Kaplan's Testimony Is Relevant And Within Defendants' Legitimate Discovery Needs, A Protective Order Is Not Called For.

When considering a motion for protective order to preclude a deposition under Rule 26, the Court must permit the deposition when the information sought is relevant and within the movant's legitimate discovery needs, unless it would be annoying, embarrassing, or burdensome.  Fed. R. Civ. P. 26(c); Johnston, 130 F.R.D. at 353.

    1.    Kaplan's Testimony Is Relevant To Construe The Patent Claims.

Information relating to the prosecution of a disputed patent, including the testimony of prosecution counsel, is relevant in a patent infringement case.  See, e.g.,

Smithkline Beecham Consumer Healthcare, L.P. v. Colgate-Palmolive Co., 1999 WL 1246924 (E.D. Pa. Dec. 22, 1999) (relying upon deposition testimony of a prosecuting attorney as to the meaning of a disputed term in construing the patent claim); Alcon Laboratories, Inc. v. Pharmacia Corp., 225 F. Supp. 2d 340, 343 (S.D.N.Y. 2002) ("[prosecution counsel] is likely the only source for much of the information Alcon seeks [concerning the prosecution history and inventorship of the patent] and the best source of the rest of the requested information because of his role in the prosecution of the patent"); see also ResQNet.com, Inc. v. Lansa, Inc., 2005 WL 90964 (S.D.N.Y. Jan. 13, 2005) (Slip Op.) (permitting the defendant to amend answer to patent infringement suit to add inequitable conduct defense, even though such a defense would open trial counsel, who had also prosecuted the patent, to being deposed).  Indeed, "[m]any a patent attorney has been deposed and forced to turn over their files…" in patent infringement litigation.  Power Mosfet Techs., v. Siemens Ag, 206 F.R.D. 422, 424 (E.D. Tex. 2000).

      Here, Kaplan is the attorney who was most closely involved with prosecuting the Patent-In-Suit, and is currently personally prosecuting the Reissue Patent and related foreign applications.  Although Defendants have also noticed the deposition of the inventor of the Patent-In-Suit, Defendants believe that Kaplan has factual information unique to his work on prosecuting the Patent-In-Suit, the Reissue Patent, and the foreign patent applications that is specifically relevant to claim construction and certain of Defendants' defenses.  Thus, Kaplan's testimony is relevant and within Defendants' legitimate discovery needs as required by Rule 26.

    2.    Kaplan's Testimony Is Relevant To Determine Whether Defendants May Properly Assert An Inequitable Conduct Defense.

If a patent is procured through inequitable conduct before the Patent Office, the patent is rendered unenforceable.  See 37 C.F.R. § 1.56(a) (2004); Precision Instrument Mfg. Co. v. Auto. Maint. Mach. Co., 324 U.S. 806, 814 (1945).  Inequitable conduct is subject to the heightened pleading standards of Rule 9(b).  See Ferguson Beauregard/Logic Controls v. Mega Syst., LLC, 350 F.3d 1327, 1344 (Fed. Cir. 2003).  Thus, to plead inequitable conduct as a defense to infringement, an alleged infringer must state with specificity the time, place, and content of any alleged misrepresentation(s) to the Patent Office, such as identifying specific prior art alleged to have been withheld from the Patent office and by whom it was withheld.  See Fed. R. Civ. P. 9(b).  Consequently, when inequitable conduct is pleaded as a defense to patent infringement, prosecution counsel is a fact witness as to the interactions with the Patent Office, such that the alleged infringer is plainly entitled to depose prosecution counsel.

A helpful hypothetical example of a statement that would probably meet the heightened pleading standard for inequitable conduct, suggested by Kaplan himself, is found in his brief in ResQNet:  "The patent in suit is unenforceable due to inequitable conduct by concealing prior art document 123456 from the Patent Office, which was known to [patentee's] prosecution counsel during the prosecution of the patent in suit."  See ResQNet.com, Inc. v. Lansa, Inc., (No. 01-CV-3578-RWS S.D.N.Y.) Reply Brief of Jeffrey I. Kaplan et al In Support Of Kaplan's Motion To Quash And/Or For Protective Order, attached hereto as Exhibit E, at 4.  Notably, Kaplan's example contemplates that, in order to plead inequitable conduct adequately, the infringement defendant would have to include a statement about what was known to prosecution counsel during patent prosecution.  The only way to determine what prosecution counsel knew during

- 7 -

prosecution is to ask him, under oath, at a deposition.[1] Indeed, it is "through the discovery process that the parties refine and focus their claims." McKesson Info. Solutions, LLC. v. The Trizetto Group, Inc., 2005 WL 914776, *2 (D. Del. Apr. 20, 2005); see also ResQNet.com, Inc. v. Lansa, Inc., 2005 WL 90964 (S.D.N.Y. Jan. 13, 2005) (Slip Op.) (allowing the defendant to amend its answer to add an inequitable conduct defense after discovery had closed because it was only through discovery that the defendant was able to develop sufficient facts to plead inequitable conduct with particularity). Thus, Defendants should be permitted to depose Kaplan to determine whether an inequitable conduct defense can be pleaded with particularity.

> D.     Kaplan Cannot Establish That His Deposition Would Unduly Burden Or Oppress SST.

Because Kaplan's testimony is relevant, and because Kaplan cannot demonstrate that his deposition would unduly burden or oppress SST, the deposition should proceed. Johnston, 352-3. In Johnston, the court held:

> The party seeking to block its attorney's deposition concerning relevant information will succeed if it establishes undue burden or oppression measured by (1) the relative quality of the information in the attorney's knowledge, that is, whether the deposition would be disproportional to the discovering party's needs; (2) the availability of the information from other sources that are less intrusive into the adversarial process; and (3) the harm to the party's representational rights of its attorney if called upon to give deposition testimony.

Johnston at 353; see also Peerless Heater Co. v. Mestek, Inc., 2000 WL 151281, * 3 (E.D. Pa. 2000); Frazier, 161 F.R.D. at 313. Kaplan has not and cannot establish such undue burden or oppression.

> 1.     The Kaplan Deposition Meets The "Proportionality" Test.

---

[1] Since Kaplan is a non-party, a deposition is the only way for Defendants to inquire as to his knowledge, as he is not subject to interrogatories. See Fed. R. Civ. P. 33; see also Alcon, 225 F. Supp. 2d at 343.

As set forth above, the "relative quality" of the information in Kaplan's knowledge is great, particularly as to his role in prosecuting the Patent-In-Suit and the Reissue Patent. Patent prosecution counsel is uniquely situated to provide fact testimony concerning the prosecution of the patent, including counsel's thought process during prosecution. See, e.g., Smith Kline, 1999 WL 1246924; Oak Indus. v. Zenith Elec. Corp., 687 F. Supp. 369, 374-5 (N.D. Ill. 1998); Amicus Communications, L.P. v. Hewlett-Packard Co., 1999 WL 33117227, *2 (D.D.C. Dec. 03, 1999). In a patent infringement case, prosecution counsel's testimony concerning prosecution is relevant to ascertain the meaning attributed to the patent claims, the prior art considered during prosecution, and whether the patent was obtained through inequitable conduct. These are central issues in this case. Moreover, the only other witnesses that Defendants have sought to depose are Joseph Giovannoli, the inventor, and Keith Giovannoli, the inventor's brother -- both principals of Plaintiff SST. Therefore, Kaplan's deposition is not disproportionate to Defendants' discovery needs in this case.

    2.    <u>The Information Sought Is Not Available From Other Sources.</u>

Kaplan's knowledge is not available from other sources. Kaplan took the lead role in prosecuting the Patent-In-Suit. In addition, Kaplan is presently prosecuting a related reissue patent and related foreign patent applications. These related patent applications have the same or significantly similar specifications as the Patent-In-Suit. In other words, Kaplan is currently prosecuting patents that potentially describe the same technology that is at issue in this case. Only Kaplan can testify to his thought processes in prosecuting the patents and responding to the correspondence from the Patent Office -- including, for example, whether he was aware of prior art that was not submitted to the Patent Office.

      3.      By Choosing To Retain Prosecution Counsel As Lead Trial Counsel, SST Undertook Any Risk Of Representational Harm From Kaplan's <u>Fact Testimony</u>.

Any harm that Kaplan's deposition might work on his representation of SST is solely a consequence of SST's decision to retain its patent prosecution counsel as lead trial counsel in the patent infringement action. A patentee bringing a patent infringement claim cannot be permitted to shield relevant, otherwise discoverable testimony about the prosecution of the patent by selecting prosecution counsel to serve as lead trial counsel. <u>See</u> <u>Alcon</u>, 225 F. Supp. 2d at 344-45 ("a patent prosecution attorney cannot avoid being deposed simply because he is later selected to act as trial counsel in an infringement action concerning the very patent he helped to prosecute."); <u>aaiPharma, Inc. v. Kremers Urban Dev. Co.</u>, 361 F. Supp. 2d 770, 775 (N.D. Ill. 2005). That Kaplan is also SST's lead trial attorney should not insulate him from being deposed about his involvement in prosecuting the Patent-In-Suit and related patents.

II.    <u>Kaplan's Argument Rests On Cases That Are Inapposite.</u>

Kaplan's reliance upon the holding of <u>Shelton v. Am. Motor Corp.</u> is misplaced. In <u>Shelton</u>, the Court precluded an attorney's deposition where counsel's only role in the case was as trial counsel, but had no factual, pre-litigation knowledge relevant to the pending suit. <u>Shelton</u>, 805 F. 2d at 1330; <u>see</u> <u>also</u> <u>Pamida, Inc. v. E.S. Originals, Inc.</u>, 281 F.3d 726 (8th Cir. 2002) (limiting the holding of <u>Shelton</u> to its facts and permitting deposition of trial counsel who had knowledge of relevant pre-litigation facts); <u>Musko v. McCandless</u>, 1995 WL 580275, *1 (E.D. Pa. 1995) (denying motion for protective order as to deposition of trial attorney because depositions of trial counsel are appropriate where counsel is also a fact witness). In contrast to the facts in <u>Shelton</u>, Kaplan has significant factual pre-litigation (or extra-litigation) knowledge concerning prosecution

of the Patent-In-Suit and related patents. Thus, <u>Shelton</u> does not prohibit Kaplan's deposition.

Kaplan's reliance on <u>ResQNet.com, Inc. v. Lansa, Inc.</u>, an unreported decision out of the Southern District of New York, is similarly improper. 2004 WL 1627170 (S.D.N.Y. July 21, 2004). In <u>ResQNet</u>, the district court granted a motion to quash the subpoena of plaintiff's trial counsel in a patent infringement suit. <u>Id</u>. There, as here, the alleged infringer sought the deposition of the patentee's trial counsel, who had also prosecuted the patent-in-suit. In <u>ResQNet</u>, the court had already held a <u>Markman</u> hearing and issued an order construing the patent claims (apparently after significant fact discovery on the patent claims); the deposition subpoena was served twenty days before the close of discovery; and the service of the subpoena appears to have been the first time the defendant indicated its intent to seek discovery from the attorney. <u>Id</u>. In contrast, here, <u>Markman</u> briefs have not been filed; no claim construction order is anticipated for months; fact discovery as to the patent claims is ongoing; the deposition subpoena was served approximately six weeks before the close of discovery; and Defendants indicated as early as their initial disclosures in January their belief that Kaplan has relevant, non-privileged information pertaining to the Patent-In-Suit. Thus, the posture of <u>ResQNet</u> sufficiently differs from the posture of the instant action to distinguish its outcome from the proper outcome here.

## **CONCLUSION**

For the reasons set forth above, Kaplan's Motion to Quash should be denied and Defendants should be permitted to take Kaplan's deposition. Accordingly, Defendants respectfully request that this Court deny Kaplan's Motion For Protective Order And/Or To Quash, and enter an order directing Kaplan to be deposed at a time and place to be

#843360 v2
105556-53217

agreed upon by the parties but no later than June 30, 2005, and, in accordance with Rules 26(c) and 37(a)(4) of the Federal Rules of Civil Procedure awarding to Defendants their reasonable expenses, including attorney's fees, incurred in opposing the Motion to Quash.

Dated:  June 13, 2005

GIBBONS, DEL DEO, DOLAN,
GRIFFINGER & VECCHIONE
A Professional Corporation


By:   s/ Elvin Esteves
     Kevin J. McKenna, Esq. (KJM 7530)
     Elvin Esteves, Esq. (EE 2216)

One Riverfront Plaza
Newark, NJ 07102-5497
Telephone (973) 596-4500
Facsimile (973) 596-0545


*Attorneys for LendingTree, Inc.*


OF COUNSEL:

Holmes J. Hawkins III, Esq.
A. Shane Nichols, Esq.
James J. Mayberry, Esq.
KING & SPALDING LLP
191 Peachtree Street
Atlanta, Georgia 30303
Tel.: (404)572-4600
Fax: (404)572-5145

#843360 v2
105556-53217