<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

Source Search Technologies, LLC             :   Civ. No. 04-4420 (DRD)
                                            :
      Plaintiff,                            :   **O P I N I O N**
                                            :
      v.                                    :
                                            :
Lending Tree, LLC, IAC/InterActiveCorp,     :
and Service Magic, Inc.                     :
                                            :
      Defendant.                            :
_____:

Jeffrey I. Kaplan, Esq.
Michael R. Gilman, Esq.
KAPLAN GILMAN GIBSON & DERNIER LLP
900 Route 9 North
Woodbridge, New Jersey 07095
      Attorneys for Plaintiff
      Source Search Technologies, LLC

Kevin J. McKenna, Esq.
Elvin Esteves, Esq.
GIBBONS, DEL DEO, DOLAN,
GRIFFINGER & VECCHIONE
One Riverfront Plaza
Newark, New Jersey 07102-5497

Holmes J. Hawkins, III, Esq.
A. Shane Nichols, Esq.
James J. Mayberry, Esq.
KING & SPALDING, LLP
191 Peachtree Street
Atlanta, Georgia 30303
      Attorneys for Lending Tree, LLC
      IAC/InterActiveCorp, and ServiceMagic, Inc.

**Debevoise, Senior District Judge**

On October 16, 2006 the court filed a <u>Markman</u> decision in this case, construing claim terms of U.S. Patent No. 5,758,328 ("the '328 patent). Plaintiff, Source Search Technologies, LLC ("SST"), now moves pursuant to Local Rule 7.1(i) for reconsideration of that portion of the <u>Markman</u> Opinion that holds that "Goods and Services" is construed to mean "standardized articles of trade and performances of work for another." The court reached this conclusion by citing Defendants' contended definition and noting that "SST has not objected to Defendants' contention, and therefore, it will be accepted." (Opinion, at 28-29).

A motion for reconsideration shall be accompanied by a brief "setting forth concisely the matter or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked." Local Rule 7.1(i) <u>Ciba-Gegy Corp. v. Alza Corp.</u>, No. 91-5286, 1993 WL 90412, at 2-3 (D.N.J. Mar. 25, 1993). Such a motion is not to be used to simply reargue the same issues already rejected, or to voice disagreement with the court's decision on the merits.

It is readily apparent that SST has established the basis for reconsideration. The court, adopting Defendants' definition of goods and services, overlooked that SST strenuously disputed that definition. Defendants contended, based on their construction of the language of the patent, for a narrow definition of that term, namely, that goods or services must be standarized. SST, on the other hand, contended that goods and services needed no construction and that "the '328 patent merely stated that in order to ensure that there was no confusion about what is being requested by a buyer, either the descriptions of the products had to be standardized, or the products had to be described with text to be clear." (SST's Responsive <u>Markman</u> Brief at 45).

This difference of opinion was expressed in the parties' submissions and at the <u>Markman</u> hearing. Yet the court overlooked it in its <u>Markman</u> Opinion. Therefore, SST's motion for

2

reconsideration will be granted.

The parties submitted everything they had to say on this issue prior to the <u>Markman</u> hearing; they argued the question at the hearing (a transcript of which the court has); they had the opportunity to give added emphasis to their views in connection with the motion for reconsideration. Therefore the court will conduct its reconsideration on the record before it without a further hearing.

The term "goods and services" is used constantly throughout the claims of the '328 patent. For example, claim 1 begins:

> A computerized system for forming a computer based network of network members inclusive of network buyers and or network vendors for processing requests for quotation for goods and services through at least one central processing unit . . .

It is Defendants' position that the specification explicitly disclaims a broad reading of goods and services, i.e., that goods and services means <u>any</u> goods and services. They point to the following language:

> The present invention is a computerized quotation system forming a computer based communications network for processing requests for quotations for goods and services from respective buyers or vendors who broadcast such requests to network members of the computerized system. There is no central pricing database to limit the number of buyers and vendors of goods and services or to limit the number of goods and services which can be processed.
>
> <u>However, the goods and services must be standadized items to ensure that there is no confusion as to what buyers are requesting and what sellers are offering to buyers</u>. Fig. 1 shows the system of this invention as configured using the Internet as the communications network.

('328 patent, col. 3, ll. 55-67) (emphasis added).

This is pretty unambiguous langauge: ". . . the goods and services <u>must</u> be standardized

3

items to <u>ensure</u> that there is no confusion as to what buyers are requesting and what sellers are offering to buyers." The cases have distinguished between the terms "must" and "may" or "can" as used in patents. The word "must" is mandatory language; whereas "may" and "can" are permissive terms. <u>See</u> <u>BBA Nonwovens Simpsonville, Inc. v. Superior Nonwovens, LLC</u>, 303 F. 3d 1332, 1340 (Fed. Cir. 2002).

      SST asserts that the paragraph of the specification that follows the paragraph upon which Defendants rely completes the teaching on the subject. It includes the statement:

> Standardization of product or service descriptions is essential to avoid confusion <u>unless a more text oriented specification</u> is appropriate for the product or service type.

('328 patent, col. 4, ll. 9-16) (emphasis added).

      It is SST's contention that the specification provides two options for identifying the goods and services for which a quotation is sought: i) requesting a quote for a standardized product or service, or ii) requesting a quote for a product or service for which a text oriented specification is appropriate. This would open up the request for goods and services to any product or service, standardized or not.

      If one follows the pertinent language of the specification which incorporates all the language upon which the parties rely ('328 patent, col. 3, l. 55 to col. 4, l. 12), it becomes clear that Defendants' interpretation is the correct one.

      It starts with the paragraph containing the language, "However, the goods and services must be standard items to ensure that there is no confusion as to what buyers are requesting and what sellers are offering buyers." ('328 patent col. 3, ll. 63-65). The next paragraph describes how network members can use the computerized system. Once again there is a reference to

standardized goods or services: "The programming . . . which enables network members to interact with the network would include information sufficient for network members to identify <u>standard goods or services</u> that they wish to identify in a request for quotation." ('328 patent col. 4, ll. 4-9) (emphasis added).

The next sentence, the sentence upon which SST relies, simply suggests how the network member can identify the standard goods or services that are the subject of his request: "Standardization of product or service descriptions is essential to avoid confusion unless a more text oriented specification is appropriate to the product or service type." ('328 patent col. 4, ll. 9-12). This sentence in no way suggests that the particular product for which a "text oriented specification is appropriate" is not to be standardized.

This conclusion is illustrated by Figure 8 of the '328 patent to which SST refers. The quote given in Figure 8 is for 5000 "TYPE J RESSISTOR[S] 5%." Thus a text oriented specification is provided, namely 5000 and 5%. Nevertheless, the underlying product - the Type J resistor - is a standardized item.

Having corrected the deficiency of the October 16, 2006 opinion by considering the matter it previously overlooked, the court arrives at the same conclusion it arrived at in that opinion. It reaffirms its holding that "Goods and Services" is construed to mean "standardized articles of trade and performances of work for another." The court will file an order implementing this opinion.

November 13, 2006                                         /s/  Dickinson R. Debevoise
                                                                                   DICKINSON R. DEBEVOISE
                                                                                        U.S.S.D.J.