**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

```
--------------------------------------------------------
SOURCE SEARCH TECHNOLOGIES,            :
LLC,                                   :
                                       :
                Plaintiff,             :          Civ. No. 04-4420 (DRD)
                                       :
           v.                          :
                                       :
LENDING TREE, LLC,                     :          O P I N I O N
IAC/INTERACTIVECORP, and               :
SERVICEMAGIC, INC.,                    :
                                       :
                Defendants.            :
                                       :
--------------------------------------------------------
```

Jeffrey I. Kaplan, Esq.
Michael R. Gilman, Esq. (admitted *pro hac vice*)
KAPLAN, GILMAN, GIBSON & DERNIER LLP
900 Route 9 North
Woodbridge, New Jersey 07095

*Attorneys for Plaintiff Source Search Technologies, LLC*


Kevin J. McKenna, Esq.
Elvin Esteves, Esq.
GIBBONS, P.C.
One Gateway Center
Newark, New Jersey 07102-5310

Robert B. Wilson, Esq. (admitted *pro hac vice*)
James E. Baker, Esq. (admitted *pro hac vice*)
QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
51 Madison Avenue, 22nd Floor
New York, New York 10010-1601

*Attorneys for Defendants Lending Tree, LLC, IAC/InterActiveCorp, and ServiceMagic, Inc.*

1

**DEBEVOISE, Senior District Judge**

This matter comes before the court on defendant, ServiceMagic, Inc.'s motion for reconsideration of the court's May 2, 2007 Order (the "May 2, 2007 Order") granting plaintiff, Source Search Technologies, LLC's motion for summary judgment and denying ServiceMagic, Inc.'s motion for summary judgment.

## I. PROCEDURAL HISTORY

Plaintiff, Source Search Technologies, LLC ("Plaintiff" or "SST") instituted this patent infringement action against defendants, Lending Tree, LLC, ("Lending Tree"), IAC/InterActive Corp. ("IAC"), and ServiceMagic, Inc. ("Defendant" or "SM") (collectively, "Defendants") alleging infringement of U.S. Patent No. 5,758,328 (the "'328 patent"). Defendants deny infringement and assert that the '328 patent is invalid and unenforceable.

On October 16, 2006, the court filed a Markman opinion in this case, construing the terms of the '328 patent (the "Markman Opinion"). On November 13, 2006, the court, upon SST's motion for reconsideration, reaffirmed its holding of that portion of the Markman Opinion construing the term "Goods and Services."

Thereafter, Plaintiff and Defendant cross-moved for summary judgment on the issue of infringement. By the court's May 2, 2007 Order, Defendant's motion was denied and Plaintiff's motion was granted. Defendant now moves for reconsideration of that decision. For the reasons set forth below, Defendant's motion will be denied.

## II. BACKGROUND

The facts of this case were detailed in this court's prior opinion dated May 2, 2007 (the

"May 2, 2007 Opinion") and need not be repeated here.

### III. DISCUSSION

**A.     Standard for Reconsideration**

In the District of New Jersey, Local Civil Rule 7.1(i) governs motions for reconsideration. Bowers v. Nat'l Collegiate Athletics Ass'n, 130 F. Supp. 2d 610, 612 (D.N.J. 2001). It permits a party to seek reconsideration by the Court of matters "which [it] believes the Court has overlooked" when it ruled on the original motion. See NL Indus., Inc. v. Commercial Union Ins. Co., 935 F. Supp. 513, 515 (D.N.J. 1996). The standard is high and reconsideration is to be granted only sparingly. See U.S. v. Jones, 158 F.R.D. 309, 314 (D.N.J. 1994).

The movant has the burden of demonstrating either: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [issued its order]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (citation omitted).

Ordinarily, a motion for reconsideration may address only those matters of fact or issues of law which were presented to, but not considered by, the court in the course of making the decision at issue. See Student Pub. Interest Research Group of N.J. v. Monsanto Co., 727 F. Supp. 876, 878 (D.N.J. 1989), aff'd, 891 F.2d 283 (3d Cir. 1989). Absent unusual circumstances, a court should reject new evidence which was not presented when the court made the contested decision. Resorts Int'l, Inc. v. Greate Bay Hotel and Casino, Inc., 830 F. Supp. 826, 831 & n.3 (D.N.J. 1992).

A party seeking to introduce new evidence on reconsideration bears the burden of first demonstrating that evidence was unavailable or unknown at the time of the original hearing. See Levinson v. Regal Ware, Inc., 1989 WL 205724 at *3 (D.N.J. Dec. 1, 1989). Moreover, L. Civ. R. 7.1(i) does not allow parties to restate arguments which the court has already considered. See G-69 v. Degnan, 748 F. Supp. 274, 275 (D.N.J. 1990). In other words, "[a] motion for reconsideration should not provide the parties with an opportunity for a second bite at the apple." Tischio v. Bontex, Inc., 16 F. Supp. 2d 511, 533 (D.N.J. 1998) (citation omitted).

**B.      SM's Motion**

SM argues that, in finding that the SM website meets the claim limitation "request for quotation," the court overlooked the requirement that "to infringe the asserted claims of the '328 patent, the ServiceMagic website must be used to request the *price* of a proposed home-improvement, renovation or similar project." (Def.'s Br. 5). It contends that the only evidence identified by the court for the finding is an online form that prompts the homeowner to provide thirteen items of information. (Id.). SM argues that "[n]owhere in the Summary Judgment Opinion, however, did the Court cite to any part of the ServiceMagic website that contains a specific request for the 'price' of something." (Id.).

In the May 2, 2007 Opinion, the court cites the definition of the term "request for quotation" three times. Each time, it is defined as "a request for the price and other terms of a particular transaction in sufficient detail to constitute an offer capable of acceptance." (May 2, 2007 Opinion at pp. 7, 19, 22) (emphasis added). Clearly, the court understood the elements of the definition. Thus, when the court used the term "request for quotation," it understood the term

to include price.

Additionally, SM's contention that the only evidence identified by the court was an online SM form is incorrect.  In addition to describing the online form on SM's website, the court also listed nine separate statements from the website indicating that the website processes requests for quotations, i.e., that the website processes "a request for the price and other terms of a particular transaction in sufficient detail to constitute an offer capable of acceptance."  (See May 2, 2007 Opinion at pp. 20-21).  Therefore, the court did not overlook the "price" element in the definition of "request for quotation," and SM's motion for reconsideration will be denied on this ground.

SM also contends that the court should order additional claim construction briefing on the terms "goods and services" and "a party representing a buyer or supplier."  As to the term "goods and services," SM argues that because it believed the court would not modify its claim construction, it did not proffer evidence in response to SST's arguments.  (Def.'s Br. 7).  As to the term "a party representing a buyer or supplier," SM argues that because it was unaware that the court intended to construe that term, it "did not submit all of its evidence in support of its proposed construction."  (Id. at 9).  SM requests leave to submit full briefing and to submit intrinsic evidence from the '328 specification and prosecution history and a declaration from its expert, Dr. Scacchi, on the meaning of the two terms.

The court finds no basis for the requested relief on a motion for reconsideration.  In essence, SM is asking the court to allow additional briefing and then reconsider its decision because SM did not submit evidence to the court that was available to it at the time the motion was pending and despite the fact that issues had been raised with respect to each term.  Because the court finds that L. Civ. R. 7.1(i) does not permit such relief under these circumstances, SM's

motion will be denied.[1]

## IV.  CONCLUSION

For the reasons set forth above, Defendant's motion for reconsideration will be denied.

The court will enter an order implementing this opinion.


/s/ Dickinson R. Debevoise
DICKINSON R. DEBEVOISE, U.S.S.D.J.




Dated:        June 14, 2007

---

[1]Although SST originally requested that it be awarded reasonable fees pursuant to 28 U.S.C. § 1927, that request has been withdrawn.