UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| Source Search Technologies, LLC,<br><br>        Plaintiff/Counterclaim Defendant,<br><br>-against-<br><br>LendingTree, LLC, IAC/InterActiveCorp, and ServiceMagic, Inc.,<br><br>        Defendants/Counterclaim Plaintiffs. | Civil Action No.04-4420 (DRD)(ES)<br><br>**DOCUMENT ELECTRONICALLY FILED** |

**DEFENDANT LENDINGTREE, LLC'S RESPONSE TO PLAINTIFF SOURCE SEARCH TECHNOLOGIES LLC'S MOTION TO FILE SURREPLY AND SURREPLY**

    Kevin J. McKenna, Esq.
    Elvin Esteves, Esq.
    **GIBBONS P.C.**
    One Gateway Center
    Newark, New Jersey  07102-5496

    Claude M. Stern, Esq.
    Robert B. Wilson, Esq.
    Evette Pennypacker, Esq.
    James E. Baker, Esq.
    Linda J. Brewer, Esq.
    (all admitted *pro hac vice*)
    **QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP**
    51 Madison Avenue, 22nd Floor
    New York, New York  10010-1601

    Attorneys for LendingTree, LLC, IAC/InterActiveCorp, and ServiceMagic, Inc.

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................... II

I. MOTION TO STRIKE ................................................................................ 1

II. LENDINGTREE'S WEBSITE DOES NOT INVOLVE "GOODS" OR "SERVICES" (CLAIMS 1-3, 12-14) ..................................................... 2

III. LENDINGTREE'S WEBSITE DOES NOT HAVE "NETWORK BUYERS" (CLAIMS 1-3) ................................................................................. 6

IV. LENDINGTREE'S WEBSITE DOES NOT ALLOW "PURCHASING . . . OVER A DATA NETWORK" (CLAIMS 12-14) ........ 7

V. CONCLUSION ............................................................................................ 9

# **TABLE OF AUTHORITIES**

**Cases**                                                                                     **Page(s)**

*Atlas Powder Co. v. Ireco Inc.*,
   190 F.3d 1342 (Fed. Cir. 1999) .................................................................................3

*Bayer AG v. Schein Pharm., Inc.*,
   129 F. Supp. 2d 705 (D.N.J. 2001) ............................................................................2

*Bekier v. Commonwealth Const. Co.*,
   2007 WL 3014704, at *2 n.3 (D.N.J. Oct 11, 2007) ..................................................2

*CIBC World Mkts., Inc. v. Deutsche Bank Secs., Inc.*,
   309 F. Supp. 2d 637 (D.N.J. 2004) ........................................................................1, 2

*Dow Chemical Co. v. Sumitomo Chemical Co., Ltd.*,
   257 F.3d 1364 (Fed. Cir. 2001) .................................................................................4

*Fuji Photo Film Co., Ltd. v. Int'l Trade Comm'n*,
   386 F.3d 1095 (Fed. Cir. 2004) .................................................................................6

*Pfizer v. Teva Pharmaceuticals*,
   429 F.3d 1364 (Fed. Cir. 2005) .................................................................................4

*Tate Access Floors, Inc. v. Interface Architectural Res., Inc.*,
   279 F.3d 1357 (Fed. Cir. 2002) .................................................................................5

**Statutes**

35 U.S.C. § 112 ................................................................................................................5

**Rules**

Local Rule 7.1(d)(7) .........................................................................................................2

LendingTree, LLC ("LendingTree") respectfully submits this brief response to the Sur-Reply filed on September 19, 2007 by Source Search Technologies, LLC ("SST").

## I.  MOTION TO STRIKE

The Court should strike SST's Sur-Reply in its entirety.  SST has absolutely no basis for its request to revisit issues that have already been extensively briefed in the party's cross-motions for summary judgment.  Indeed, SST trips over its own arguments when it requests leave to file its Sur-Reply to address allegedly "new" issues, and yet on page 2, concedes that with respect to goods and services, the issue "was fully joined during discovery."  SST is merely attempting to have a second bite at the apple on issues that it could have (and should have) addressed in its earlier briefs.  SST's request for another round of briefing merely confirms that it has not persuasively rebutted LendingTree's conclusive evidence of non-infringement.  The Court should deny SST's request for yet another try.  *See, e.g., CIBC World Mkts., Inc. v. Deutsche Bank Secs., Inc.*, 309 F. Supp. 2d 637, 645 n.21 (D.N.J. 2004) (Debevoise, J.) (explaining the difference between a "newly minted argument" and merely citing additional evidence in support of a position previously taken).

Moreover, SST casually requests leave to file its Sur-Reply as if by right.  It failed to obtain the necessary permission from the Court prior to filing its brief.

Instead, it tacked on a perfunctory request in disregard of the clear prohibition against filing Sur-Reply briefs set forth in the Local Rules and in numerous decisions of this Court. *See* L.Civ.R. 7.1(d)(7) ("No sur-replies are permitted without permission of the Judge or Magistrate Judge to whom the case is assigned."); *CIBC World Mkts.*, 309 F. Supp. 2d at 645 n.21 (Debevoise, J.) ("[T]he local rules do not permit sur-Reply Briefs . . . .") (quoting *Bayer AG v. Schein Pharm., Inc.*, 129 F. Supp. 2d 705, 716 (D.N.J. 2001); *Bekier v. Commonwealth Const. Co.*, 2007 WL 3014704, at *2 n.3 (D.N.J. Oct 11, 2007) (striking improperly filed sur-reply brief).

Because SST failed to obtain leave of the Court and has identified no new arguments raised for the first time in LendingTree's Reply brief, the Court should strike SST's Sur-Reply. If the Court nonetheless decides to accept SST's Sur-Reply, LendingTree respectfully submits the following response to SST's arguments.

## II.  LENDINGTREE'S WEBSITE DOES NOT INVOLVE "GOODS" OR "SERVICES" (CLAIMS 1-3, 12-14)

In its Sur-Reply, SST continues its attempt to shoehorn virtually everything of economic value into the categories of "goods and services." In a last ditch effort to shore up this argument, SST relies on a fleeting reference to an insurance agency in the patent's description of prior art systems. (SST Sur-Reply at 2). Far from being an "exemplary" embodiment, as SST argues, this reference is part of the

discussion of alleged failures in the prior art that actually distinguish the claimed systems, not describe them. It is black letter patent law that claims cannot cover the prior art. *See Atlas Powder Co. v. Ireco Inc.*, 190 F.3d 1342, 1346 (Fed. Cir. 1999) ("[I]f granting patent protection on the disputed claim would allow the patentee to exclude the public from practicing the prior art, then that claim is anticipated, regardless of whether it also covers subject matter not in the prior art.").

SST nonetheless tries to use this single reference to analogize to, and bring within the patent's ambit, every type of financial instrument, including loans. SST's strained argument stretches the meaning of "goods and services" far beyond the plain and ordinary meaning of those terms and anything ever contemplated by the patentee or described in the '328 patent. Indeed, the examples of goods and services that the patentee identified in the "Detailed Description of the Invention" all relate to general "categor[ies]" or "specific" items that fall squarely within the plain meaning of "goods and services," such as "computer products" (Esteves Decl., Ex. A at Fig. 2A), "appliances" (*id*. at Fig. 2A), "electronic parts and components" (*id*. at 7:50, Fig. 2A), "personal computer monitors" (*id*. at Fig. 2A), and "unwanted equipment" (*id*. at 7:67-8:3).

This disclosure is fully consistent with the patentee's description of how he conceived of the idea for the claimed system. He testified that he devised his

system to address what he perceived to be inefficiencies in the "paper processing systems" used by companies to obtain bids and order goods. (Wilson Decl., Ex. A at 231:24-232:21; *see also* 23:5-24:2). Thus, the patentee had specific problems in mind when he devised the claimed systems, and did not contemplate that his alleged solutions would apply to the other types of economic activity that SST now contends are encompassed by the asserted claims.

SST's infringement arguments with respect to LendingTree run afoul of both the straightforward disclosure in the '328 patent and the patentee's deposition testimony. SST attempts to rewrite the claims for purposes of this litigation by ignoring the plain and ordinary meaning of the simple words that the patentee chose to describe his systems. The fact is that the patentee in this case simply did not invent a system directed to things like loans (which are just money) or land. Those things are not "goods" or "services," As such, they are not encompassed by the '328 claims.[1]

---

[1]  SST's reliance on *Dow Chemical Co. v. Sumitomo Chemical Co., Ltd.*, 257 F.3d 1364 (Fed. Cir. 2001) and *Pfizer v. Teva Pharmaceuticals*, 429 F.3d 1364 (Fed. Cir. 2005) is misplaced. (*See* SST Sur-Reply at 3 n.1). In both of those cases, the Federal Circuit held that it was improper to exclude an example from the specification when it was described as the "preferred embodiment." Here, however, the insurance reference in the '328 specification is not even described as an "example," much less the "preferred embodiment." Instead, the '328 patent refers to a system found in the prior art, not a system covered by the claims.

Finally, SST's argument that insurance must be included within the scope of the '328 claims because there is no "clear and unambiguous disclaimer of financial services from the term 'services'" completely mischaracterizes the relevant issue. (*See* SST Sur-Reply at 2-3). Under the Patent Act, it is the patentee's burden to clearly define the metes and bounds of his or her alleged invention. The public notice function of patents demands nothing less. *See Tate Access Floors, Inc. v. Interface Architectural Res., Inc.*, 279 F.3d 1357, 1367 (Fed. Cir. 2002) ("Fairness and the public notice function of the patent law require courts to afford patentees the full breadth of clear claim language, *and bind them to it as well*. Consequently, where such claim language clearly reads on prior art, the patent is invalid.") (emphasis added). It is the words of the claims, and nothing else, that mark the limits of the patentee's right to exclude. *See* 35 U.S.C. § 112 ("The specification shall conclude with one or more claims particularly pointing out and distinctly claiming the subject matter which the applicant regards as his invention.").

SST's argument that its claims somehow cover all economic activity by default, unless otherwise disclaimed in its patent, subverts this clear public policy and the statutory requirements that it must satisfy in order to be entitled to a patent. The patentee used the words "goods and services" to define the claimed systems. The Examiner reviewed those words when he allowed the patent. The relevant question, therefore, is not whether there has been a disclaimer of subject matter,

but whether the words "goods and services" include loans, which are just money. As discussed above and in LendingTree's earlier briefs, the intrinsic evidence confirms that the words of the '328 claims do not encompass loans, and therefore, LendingTree's website does not infringe.[2]

### III. LENDINGTREE'S WEBSITE DOES NOT HAVE "NETWORK BUYERS" (CLAIMS 1-3)

SST's rehash of its earlier arguments regarding "network members" remains unpersuasive. SST ignores the express requirement that a "network member" must "*register* as a user," a requirement that the patentee purposefully included in the definition in the '328 specification and the Court adopted in its claim construction Order. (Esteves Decl., Ex. A at 4:1-2; 10/16/06 Order at 28, emphasis added). To "register as a user" means that the buyer is aware that he or she is applying for membership, and the network is aware that it is accepting applications for network members. SST's suggestion that buyers are inadvertently signing up with a

---

[2] SST cites *Fuji Photo Film Co., Ltd. v. Int'l Trade Comm'n*, 386 F.3d 1095 (Fed. Cir. 2004) for the proposition that a court must not limit claims unless there is an express disclaimer of subject matter in the specification. *Fuji Photo*, however, does not go nearly as far as SST contends. Rather, the Federal Circuit merely confirms two black-letter principles of claim construction – *i.e.*, there is a heavy presumption that claims must be given their plain and ordinary meaning, and claims must be read in the context of the entire specification, not just a single sentence. In this case, when the entire '328 specification and the testimony of the patentee are examined, it is clear that the patentee did not intend to include within the scope of "goods and services" things such as insurance or loans.

network that does not even know it has members defies common sense and improperly reads this express limitation out of the asserted claims. (*See* SST Sur-Reply at 8).

Additionally, SST's citation to a follow-up e-mail to Mr. Kaplan from LendingTree confirms that users of its website are not network members. (*See* SST Sur-Reply at 8-9). The e-mail never refers to Mr. Kaplan as a member. It does not describe special membership benefits or special offers. It simply invites Mr. Kaplan to take advantage of information and assistance available through LendingTree to evaluate the responses he received from lenders regarding his loan request – options that are available to every user of LendingTree's website who fills out and submits a Qualification Form.

### IV. LENDINGTREE'S WEBSITE DOES NOT ALLOW "PURCHASING . . . OVER A DATA NETWORK" (CLAIMS 12-14)

SST's latest arguments contradict the express language that limits claim 12 to methods of "***purchasing*** goods or services ***over a data network***." First, SST falsely suggests that "[t]here is no embodiment in the '328 patent where the money is paid and title to the goods or services is acquired." (SST Sur-Reply at 5, emphasis in original). That is simply not so. The language of the specification could not be clearer. It uses the word "purchase" to describe a system in which "an e-mail purchase order" is sent to the vendor and the buyer's credit information is "used to effectuate ***automatically*** a credit ***purchase*** of the quoted product."

(Esteves Decl., Ex. A at 6:2-6, emphasis added). Claim 12 is directed to this type of system in which a purchase is made "over the data network," rather than through some other means.

The portion of the specification that SST cites does not change this conclusion. It refers to an additional embodiment in which "[s]hipping companies *can be* included in the process" under certain circumstances in which the credit payment to the vendor is conditioned on the buyer's acceptance of the goods. (*Id.* at 6:12-23, emphasis added). Thus, rather than limiting the example in the specification of automatic purchases made over the data network, this description identifies additional features that may be added in a different example.

Second, SST argues that the patent's reference to a "potential buyer" somehow erases the express description of the method as requiring actual purchases to be made over the data network. (*See* SST Sur-Reply at 4). SST's formalistic reading of claim 12 falls flat because the words "potential buyer" are merely used to describe the buyer in the steps leading up to an actual purchase. For the claims to describe the buyer as "potential" at this point in the process makes perfect sense, and is completely consistent with the claimed method ultimately requiring an actual purchase to be completed.

## V. CONCLUSION

For the foregoing reasons and the reasons set forth in its earlier briefs, LendingTree respectfully requests that the Court strike SST's Sur-Reply, deny SST's Motion for Summary Judgment, and grant LendingTree's Cross-Motion for Summary Judgment of Non-Infringement.

DATED:  October 25, 2007          By:     s/ Elvin Esteves
                                          Kevin J. McKenna, Esq.
                                          Elvin Esteves, Esq.
                                          GIBBONS P.C.
                                          One Gateway Center
                                          Newark, New Jersey  07102-5496
                                          (973) 596-4500

                                          Claude M. Stern, Esq.
                                          Robert B. Wilson, Esq.
                                          Evette Pennypacker, Esq.
                                          James E. Baker, Esq.
                                          Linda J. Brewer, Esq.
                                          (all admitted *pro hac vice*)
                                          QUINN EMANUEL URQUHART
                                          OLIVER & HEDGES, LLP
                                          51 Madison Avenue, 22nd Floor
                                          New York, New York  10010-1601
                                          (212) 849-7000 (tel.)
                                          (212) 849-7100 (fax)

                                          Attorneys for LendingTree, LLC,
                                          IAC/InterActiveCorp, and
                                          ServiceMagic, Inc.