## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| Source Search Technologies, LLC,<br><br>        Plaintiff/Counterclaim Defendant,<br><br>-against-<br><br>LendingTree, LLC, IAC/InterActiveCorp, and ServiceMagic, Inc.,<br><br>        Defendants/Counterclaim Plaintiffs. | **DOCUMENT ELECTRONICALLY FILED**<br><br>Civil Action No.<br>04-CV-4420 (DRD) (ES) |

**DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT OF NO WILLFUL INFRINGEMENT**

        Kevin J. McKenna
        Elvin Esteves
        GIBBONS P.C.
        One Gateway Center
        Newark, New Jersey  07102-5496
        (973) 596-4500

        Claude M. Stern
        Robert B. Wilson
        Evette Pennypacker
        James E. Baker
        Linda J. Brewer
        (all admitted *pro hac vice*)
        QUINN EMANUEL URQUHART
        OLIVER & HEDGES, LLP
        51 Madison Avenue, 22nd Floor
        New York, New York  10010-1601
        (212) 849-7000

        Attorneys for LendingTree, LLC,
        IAC/InterActiveCorp, and
Date:  November 30, 2007        ServiceMagic, Inc.

## TABLE OF CONTENTS

**Page**

I. INTRODUCTION ................................................................................................1

II. FACTUAL BACKGROUND................................................................................2

III. LEGAL STANDARDS ........................................................................................5

    A. Summary Judgment................................................................................5

    B. Willful Infringement................................................................................6

IV. SST HAS NO EVIDENCE TO SUPPORT ITS CLAIM OF WILLFUL INFRINGEMENT ........................................................................8

V. CONCLUSION................................................................................... 11

## TABLE OF AUTHORITIES

Page

### Cases

*Anderson v. Liberty Lobby, Inc.*,
   477 U.S. 242 (1986) ................................................................................................5

*Automotive Techs. Intern., Inc. v. BMW of N. Am.*,
   501 F.3d 1274 (Fed. Cir. 2007) ...............................................................................5

*Baden Sports, Inc. v. Kabushiki Kaisha Molten*,
   2007 WL. 2790777 (W.D. Wash. Sept. 25, 2007) ................................................ 10

*Celotex Corp. v. Catrett*,
   477 U.S. 317 (1986) ................................................................................................6

*Cohesive Technologies, Inc. v. Waters Corp.*,
   2007 WL. 2746805 (D. Mass. Aug. 31, 2007) .................................................. 9, 10

*Informatica Corp. v. Business Objects Data Integration*,
   2007 WL. 3203062 (N.D. Cal. Oct. 29, 2007) ...................................................... 10

*KSR Int'l Co. v. Teleflex Inc.*,
   127 S. Ct. 1727 (2007) .............................................................................................2

*Kloster Speedstell AB v. Crucible Inc.*,
   793 F.2d 1565 (Fed. Cir. 1986) ...............................................................................7

*Pharmaceutical Res., Inc. v. Roxane Labs., Inc.*,
   2006 WL. 3231427 (D.N.J. 2006) ...........................................................................5

*Safeco Ins. Co. v. Burr*,
   127 S. Ct. 2201 (2007) .............................................................................................6

*In re Seagate Technologies, LLC*,
   497 F.3d 1360 (Fed. Cir. 2007) .......................................................... 1, 6, 7, 8, 9, 10

*TGIP, Inc. v. AT&T Corp.*,
   2007 WL. 3194125 (E.D. Tex. Oct. 29, 2007) ...................................................... 10

*Underwater Devices, Inc. v. Morrison-Knudsen Co.*,
   717 F.2d 1380 (Fed. Cir. 1983) ...............................................................................7

### Statutes

35 U.S.C. § 284 ................................................................................................................3

Fed. R. Civ. P. 26(e) ........................................................................................................4

Fed. R. Civ. P. 56(e) ........................................................................................................5

**I.     INTRODUCTION**

Plaintiff Source Search Technologies, LLC ("SST") cannot obtain enhanced damages because it cannot possibly prove that Defendants willfully infringe the patent in suit.  Under the standard announced in the Federal Circuit's recent *en banc* decision, *In re Seagate Technologies, LLC*, 497 F.3d 1360 (Fed. Cir. 2007), SST must prove by clear and convincing evidence that (1) Defendants acted despite an objectively high likelihood that their actions constituted infringement of a valid patent and (2) this objectively-defined risk was either known or so obvious that it should have been known to Defendants.

This SST cannot do.  In its pleadings, SST has not alleged a single fact that would support its claim of willfulness.  And in its responses to Defendants' contention interrogatories, SST failed to identify any documents, deposition testimony, or other evidence that provides a factual basis for its willful infringement claim.  Because it cannot identify even the barest scintilla of supporting evidence, there is no possibility that SST will be able to sustain its heavy burden of proving willfulness by clear and convincing evidence at trial.

Moreover, SST cannot credibly argue that Defendants' non-infringement and invalidity contentions are "objectively baseless" in order to satisfy the first prong of the recklessness standard under *Seagate*.  For example, as set forth in Defendants' concurrently-filed summary judgment motion, the asserted '328

claims are invalid for obviousness in light of the Supreme Court's recent decision in *KSR Int'l Co. v. Teleflex Inc.*, 127 S. Ct. 1727, 1739 (2007). At the very least, these arguments provide a colorable basis for Defendants' position that they are not infringing a valid patent, and thereby defeat any allegation of "objective recklessness." Thus, SST's wholly unfounded claim for enhanced damages should be dismissed as a matter of law on summary judgment.

## II.    FACTUAL BACKGROUND

SST filed this lawsuit on September 13, 2004, alleging that LendingTree, LLC and IAC/InterActiveCorp infringed U.S. Patent No. 5,758,328 ("the '328 patent"). On October 15, 2004, before LendingTree and IAC had answered the Complaint, SST filed a First Amended Complaint, which added ServiceMagic, Inc. as a defendant.

In both the Complaint and the First Amended Complaint, SST claimed damages in an amount that it contended would "easily exceed the sum of $100,000,000" and demanded "[a]n award of treble damages for Defendants' willful infringement of the '328 patent." (Esteves Decl., Ex. 1, Compl. at ¶ 16, Prayer for Relief at ¶ C; Esteves Decl., Ex. 2, 1st Am. Compl. at ¶ 19, Prayer for

Relief at ¶ C).[1]  SST's only support for its enhanced damages claim was a single conclusory statement that "Defendants continue to make, use, sell and/or offer for sale products and/or methods that infringe upon SST's patent rights, and are *believed* to have full knowledge of such rights, and the intent to continue infringing such rights."  (Esteves Decl., Ex. 1, Compl. at ¶ 11; Esteves Decl., Ex. 2, 1st Am. Compl. at ¶ 14 (emphasis added)).  On the basis of that bare-bones pleading, SST alleged that "Defendants' infringement is willful," and claimed a total amount of damages on the order of $300,000,000.  (Esteves Decl., Ex. 1, Compl. at ¶¶ 11, 16; Esteves Decl., Ex. 2, 1st Am. Compl. at ¶¶ 14, 19).  In its pleadings, SST set forth no factual basis to support this staggering claim, but relied merely on its *belief* that the alleged infringement was willful.

On January 24, 2005, each Defendant served interrogatories asking for the factual and legal bases for SST's contentions in this case.  Defendants specifically asked SST to provide the bases for its damages claims:

> State your contentions regarding what monetary damages are due SST from [Defendant's] alleged infringement of the '328 patent, including, without limitation, the factual basis for any allegation of lost profits by SST and your contention as to what would be a reasonable royalty under 35 U.S.C. § 284 for the use of the alleged invention in the '328 patent, and identify all documents relating to such facts and

---

[1] "Esteves Decl." refers to the Declaration of Elvin Esteves, Esq. in Support of Defendants' Motion for Summary Judgment of No Willful Infringement, submitted concurrently with this brief.

contentions and all persons knowledgeable about such facts and contentions.

(Esteves Decl., Ex. 3, 1/24/05 ServiceMagic's 1st Set of Interrogs. to SST at 5; Esteves Decl., Ex. 4, 1/24/05 LendingTree's 1st Set of Interrogs. to SST at 6; Esteves Decl., Ex. 5, 1/24/05 IAC's 1st Set of Interrogs. to SST at 5).

On February 28, 2005, SST served its responses. It included only a single sentence regarding its claim for enhanced damages. SST stated that "it is also *anticipated* but *as yet unknown* for lack of discovery responses from [Defendants], whether *from the filing date of the action forward* enhanced damages and possibly attorneys' fees and costs will also be due to SST." (Esteves Decl., Ex. 6, 2/28/05 SST's Objections and Resps. to ServiceMagic's 1st Set of Interrogs. at 5; Esteves Decl., Ex. 7, 2/28/05 SST's Objections and Resps. to LendingTree's 1st Set of Interrogs. at 5; Esteves Decl., Ex. 8, 2/28/05 SST's Objections and Resps. to IAC's 1st Set of Interrogs. at 3; (emphasis added)). In its responses, SST relied on its unconfirmed *anticipation* that it would discover facts over the course of the litigation relating to alleged willful infringement.

Fact discovery closed over two years ago, on October 19, 2005. Yet, SST has never provided any basis for its enhanced damages claim. It never updated its response to Defendants' contention interrogatories, as it is required to do pursuant to Rule 26(e) of the Federal Rules of Civil Procedure. Without any evidence, SST cannot hope to prove its allegations of willful infringement or support its demand

for enhanced damages. Accordingly, Defendants respectfully request that the Court grant their motion for summary judgment of no willful infringement.

## III. LEGAL STANDARDS

### A. Summary Judgment

Summary judgment is appropriate where the record "show[s] that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). As this Court has explained, "the threshold inquiry is whether 'there are any genuine factual issues that can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.'" *Pharmaceutical Res., Inc. v. Roxane Labs., Inc.*, 2006 WL 3231427, at *11 (D.N.J. 2006) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). If the moving party overcomes this threshold inquiry by demonstrating no material issue of fact, the burden shifts to the party opposing the motion to "set forth *specific facts* showing that there remains a genuine issue for trial." Fed. R. Civ. P. 56(e) (emphasis added); *Automotive Techs. Intern., Inc. v. BMW of N. Am.*, 501 F.3d 1274, 1280-81 (Fed. Cir. 2007).

"[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."

*Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  Where the opposing party has a "clear and convincing" burden of proof, as SST does with respect to willfulness, it must show that the evidence is not only substantial but also of sufficient weight to permit a reasonable fact finder to find in its favor under the heightened standard. *See Anderson*, 477 U.S. at 252-53.

### B. Willful Infringement

A patentee may obtain enhanced damages of up to three times compensatory damages if it establishes, by clear and convincing evidence, that the defendant willfully infringed its patent.  *See In re Seagate Tech., LLC*, 497 F.3d 1360, 1368 (Fed. Cir. 2007).  In an *en banc* decision decided on August 20, 2007, the Court of Appeals for the Federal Circuit raised the legal standard of proof for willfulness from mere negligence to recklessness.  *Id.* at 1370-71.  In doing so, the Federal Circuit cracked down on patentees – like SST – who make unsubstantiated claims for enhanced damages based on bald allegations of willful infringement.

In *Seagate*, the Court held that "proof of willful infringement permitting enhanced damages requires **at least** a showing of **objective recklessness**."  *Id.* at 1371 (emphasis added).  The Court acknowledged that its earlier decisions had set "a lower threshold for willful infringement that is more akin to negligence."  *Id.*  Believing this to be inconsistent with the Supreme Court's recent decision in *Safeco Ins. Co. v. Burr*, 127 S. Ct. 2201 (2007), which interpreted the term

"willful" in a another civil context, the Federal Circuit overruled its earlier decisions and raised the standard for willfulness in patent cases to require proof of recklessness. *Seagate*, 497 F.3d at 1371.

Under *Seagate*, a patentee must establish two separate elements in order to prove willfulness. First, it must prove that the accused infringer "acted despite ***an objectively high likelihood that its actions constituted infringement of a valid patent***." *Id*. (emphasis added). The state of mind of the accused infringer is "not relevant to this objective inquiry." *Id.* Second, "[i]f this threshold objective standard is satisfied, the patentee must also demonstrate that this objectively-defined risk (determined by the record developed in the infringement proceeding) was either ***known or so obvious that it should have been known to the accused infringer***." *Id.* (emphasis added). The patentee bears the burden of proving these two elements by ***clear and convincing evidence***. *Id.*

In addition to raising the burden of proof, the Federal Circuit addressed the burden of production with respect to willfulness. In its earlier cases, the Court had placed the initial burden on the accused infringer to produce evidence of good faith or face a presumption that it had willfully infringed. *See, e.g.*, *Underwater Devices, Inc. v. Morrison-Knudsen Co.*, 717 F.2d 1380, 1389-90 (Fed. Cir. 1983); *Kloster Speedstell AB v. Crucible Inc.*, 793 F.2d 1565, 1580 (Fed. Cir. 1986). In *Seagate*, the Court reversed course and placed the burden of production squarely

on the patentee to show that the accused infringer acted willfully. 497 F.3d at 1371.

Thus, *Seagate* heightened (and clarified) the standard for willfulness in several important ways: (1) the patentee must show that the defendant acted recklessly based on an objective standard; (2) the patentee must then show that the defendant subjectively knew or should have known of the objectively high risk of infringing a valid patent; (3) the patentee bears the burden of proving (1) and (2) by clear and convincing evidence, and (4) the patentee bears the burden of production with respect to its allegations of willful infringement. *Id*.

Finally, the *Seagate* Court made clear that a willfulness case must ordinarily be grounded in "an infringer's ***pre-litigation*** conduct." *Id*. at 1373 (emphasis added). Where the patentee's willfulness case is based solely upon post-litigation conduct, it must move for a preliminary injunction in order to preserve its claim for enhanced damages: "A patentee who does not attempt to stop an accused infringer's activities in this manner should not be allowed to accrue enhanced damages based solely on the infringer's post-filing conduct." *Id*.

## IV. SST HAS NO EVIDENCE TO SUPPORT ITS CLAIM OF WILLFUL INFRINGEMENT

To defeat this motion for summary judgment, SST must come forward with specific evidence to show that there is a material issue of fact under the heightened standard of clear and convincing evidence with respect to: (1) whether the

Defendants acted recklessly from an objective point of view, *and* (2) whether the Defendants subjectively knew or should have known of that objectively high risk. If SST fails to make the requisite showing with respect to *either* of these elements, summary judgment of no willful infringement is warranted.

SST cannot come close to defeating summary judgment. Not only does SST lack *sufficient* evidence that would give rise to a material issue of fact, it has identified *no evidence at all* in support of its willfulness allegation. Indeed, SST conceded in its response to Defendants' contention interrogatories that it had no evidence of willful infringement and that it needed to take fact discovery before it could support its claim. But SST has plainly come up short. Although the deadline for fact discovery is long past, SST never updated its interrogatory responses to identify any evidence that would support either objective recklessness or subjective intent because there is no such evidence.

Indeed, SST cannot realistically argue that Defendants' non-infringement and invalidity contentions are "objectively reckless" in light of the record in this case. Accordingly, Defendants should not be required to put on a case refuting SST's baseless threats of treble damages in light of its complete failure of proof.

In the few months following *Seagate,* district courts have consistently found no willful infringement *as a matter of law* even when the patentee proffered some evidence in support of its claim. For example, in *Cohesive Technologies, Inc. v.*

*Waters Corp.*, 2007 WL 2746805 at *17-19 (D. Mass. Aug. 31, 2007), the district court set aside the jury's verdict and granted the defendants' post-trial motion for judgment as a matter of law despite undisputed evidence that the defendants (1) knew of the patent's existence, and (2) had actually obtained a prototype of the patented invention during development of their infringing product. *Id.* at *17-18. The court found that the defendants were entitled to judgment because the patentee failed to adduce any evidence showing that the defendants had acted with reckless intent. *Id.* at *16.

Similarly, in *TGIP, Inc. v. AT&T Corp.*, 2007 WL 3194125 at *13 (E.D. Tex. Oct. 29, 2007), the Court concluded that the patentee's pre-litigation notice letters to the defendant were nothing more than a mere "scintilla of the evidence needed to meet the clear and convincing standard" under *Seagate*, and therefore, no reasonable jury could find that the defendants had acted recklessly. *See also Informatica Corp. v. Business Objects Data Integration*, 2007 WL 3203062 at *5 (N.D. Cal. Oct. 29, 2007) (uncontested evidence that defendant took no action after being notified of alleged infringement insufficient to show recklessness); *Baden Sports, Inc. v. Kabushiki Kaisha Molten*, 2007 WL 2790777 at *8-9 (W.D. Wash. Sept. 25, 2007) ("proof of willful infringement permitting enhanced damages requires at least a showing of objective recklessness") (internal quotations omitted).

In this case, SST has failed to produce *even a scintilla* of evidence – much less clear and convincing evidence – that could raise a material issue of fact on either the objective or the subjective prong of the heightened *Seagate* standard. Without *any* support for its allegation, SST cannot hope to prove willfulness at trial. Thus, summary judgment of no willful infringement is warranted.

**V.    CONCLUSION**

For the foregoing reasons, Defendants respectfully request that the Court grant their motion for summary judgment of no willful infringement.

Respectfully submitted,

Date:  November 30, 2007
Newark, New Jersey

By:  s/ Elvin Esteves
Kevin J. McKenna
Elvin Esteves
**GIBBONS P.C.**
One Gateway Center
Newark, New Jersey  07102-5496
(973) 596-4500
eesteves@gibbonslaw.com

Claude M. Stern
Robert B. Wilson
Evette Pennypacker
James E. Baker
Linda J. Brewer
(all admitted *pro hac vice*)
**QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP**
51 Madison Avenue, 22nd Floor
New York, New York  10010-1601
(212) 849-7000 (tel.)
(212) 849-7100 (fax)

                    Attorneys for LendingTree, LLC,
IAC/InterActiveCorp, and
ServiceMagic, Inc.